### SRYBNIK v. EPSTEIN et al.

United States District Court
S. D. New York.

Sept. 19, 1952.

---

---

to every other party in the action, and Rule 45(d) provides that proof of service of such a notice constitutes a sufficient authorization for the issuance by the clerk of the subpoena for the person named. Therefore, it would seem, that through oversight, a subpoena was improperly issued, and the witness is not now under subpoena. Although the Rules do not require the issuance of a subpoena in all cases, Moore's Federal Practice, 2d Ed., vol. 4, § 26.10, nevertheless, attendance may be compelled only pursuant to a subpoena under the Rules. The motion to compel the witness to appear and give further testimony will be denied, but without prejudice to his further examination in accordance with the required procedure.

With respect to the motion to produce, the following disposition is made: Item (a), granted; item (b), denied on the basis of testimony that no such documents were discovered after a search made; item (c), granted to the extent of the dates of employment, capacity and last-known address; item (d), granted, if they exist; if they do not, as plaintiff's counsel maintains, no prejudice can result; item (e) and item (f), granted.

———◆———

Seymour Stone, New York City, for plaintiff.

Richard J. Stull, New York City, for defendant Israel Epstein.

EDELSTEIN, District Judge.

This is a motion by defendant for an order compelling a witness to "complete his oral examination and unanswered questions" and requiring the plaintiff to produce certain documents. A subpoena was issued addressed to the witness, but, upon the representation of counsel for the plaintiff, it appears that no notice for the taking of his deposition was ever served on the plaintiff. Rule 30(a), Fed.Rules Civ.Proc. 28 U.S.C.A. requires that reasonable notice in writing be given of the taking of a deposition upon oral examination