**WEBSTER–CHICAGO CORPORATION,**
a corporation, Plaintiff,

v.

**Axel Harald HOLSTENSSON, an**
individual, Defendant.

**Civ. A. No. 4741–54.**

United States District Court
District of Columbia.

June 20, 1955.

Thurman Arnold of Arnold, Fortas & Porter, Washington, D. C., Paul Kolisch, New York City, for plaintiff.

Smith, Michael & Gardiner, Spencer B. Michael, Washington, D. C., Hill, Sherman, Meroni, Gross & Simpson,

Donald J. Simpson, Carlton Hill, Chicago, Ill., for defendant.

MATTHEWS, District Judge.

This is an action for a declaratory judgment. The matter now before the court is a motion by the defendant to stay the proceedings herein or in the alternative to dismiss this action. The ground of the motion is the pendency of an action between the same parties in another federal court where all issues between them can be fully adjudicated.

■ The alleged facts are: Axel Harald Holstensson, a subject of the King of Sweden and a nonresident of the United States is the owner of United States Patent No. 2,291,158. Webster-Chicago Corporation is a large manufacturer in the field of phonograph record changers. On October 19, 1954 Holstensson sent through his attorneys a letter to the corporation notifying it of infringement of his patent, requesting that the infringement cease, and stating that he expected compensation for past infringing acts and that he would be willing to consider the grant to the corporation of a license under his patent subject to a reasonable royalty. Within three weeks thereafter each party rushed for a courthouse door. On November 5, 1954 the corporation filed this action against Holstensson for a declaratory judgment of invalidity and noninfringement of his patent and for an injunction enjoining Holstensson from su-

ing the corporation or its distributors or dealers by reason of said patent, the action being brought under 35 U.S.C.A. § 293 [1] and the Declaratory Judgments Act, 28 U.S.C.A. § 2201. [2] On November 8, 1954 Holstensson sued the corporation in the United States District Court for the Northern District of Illinois, Eastern Division, for patent infringement, an accounting, and other relief, and obtained personal service of process on the corporation in that suit on November 10, 1954 long before the corporation completed service by publication on Holstensson in the instant action.

In the United States District Court for the Northern District of Illinois, Eastern Division, the calendar is such that the action filed there will be reached for trial soon on its merits. On the other hand, the calendar here is congested, and the instant action is not likely to be reached for trial for eighteen months. Moreover, in the Illinois action the court has jurisdiction of both parties and the subject matter and all issues between the parties are determinable, while in the instant action jurisdiction is limited to an in rem determination respecting the patent and rights thereunder. The corporation claims that Holstensson has submitted to the jurisdiction here but he denies that he has and on the record the issue is debatable and has not been resolved. The corporation is an Illinois corporation with its principal office and place of business

1. 35 U.S.C.A. § 293 provides as follows: "Every patentee not residing in the United States may file in the Patent Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would

have if the patentee were personally within the jurisdiction of the court."

2. 28 U.S.C.A. § 2201 provides as follows: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States and the District Court for the Territory of Alaska, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

in Chicago. Its officers and employees are in Illinois as are its records and models.

In opposition to the instant motion the corporation points out among other things that it beat Holstensson to a courthouse by three days, that it sued him in the only court having jurisdiction of its complaint under 35 U.S.C.A. § 293; that as plaintiff in the instant action it has the right to open and close while in the other action it is the defendant, and that its attorneys in the instant action are located here and in New York and that this forum is most convenient for them. But none of these arguments seems to the court controlling.

While this court has jurisdiction of the instant action it is under no compulsion to exercise it under the Federal Declaratory Judgments Act. Brillhart v. Excess Ins. Co., 316 U.S. 491, at page 494, 62 S.Ct. 1173, 86 L.Ed. 1620. Borchard, Declaratory Judgment, 2d Ed., pp. 312–313.. A "'large discretion is conferred upon the courts as to whether or not they will administer justice by this procedure'", i. e., the Declaratory Judgments Act. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321. Kerotest Mfg. Co. v. C-O Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200; Public Serv. Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; Employers' Liability Assur. Corp. v. Mitchell, 5 Cir., 211 F.2d 441. The motion of Holstensson to dismiss the instant action is addressed to the discretion of the court.

Two litigations are unnecessary when one will suffice. Giving regard to the relative ease of access to sources of proof, the conservation of judicial resources, the comprehensive disposition of litigation, and an expeditious trial, the court is convinced that a proper exercise of its discretion calls for the dismissal of the instant action, leaving the parties to litigate all their differences in the suit pending in the United States District Court for the Northern District of Illinois, Eastern Division. Counsel will please submit an appropriate proposed order.