**Frances NETTER and Robert Netter, Plaintiffs,**

v.

**ASHLAND PAPER MILLS, Inc., White-Washburne Corp., Bridgeport Paper Company, Inc., Isidor Baum, Seymour I. Baum, Morton J. Baum, Sarah Baum and A.P.W. Products Company, Inc., Defendants.**

United States District Court
S. D. New York.
June 28, 1956.

Netter & Netter, New York City, for plaintiff.

Irving E. Kanner, New York City, for defendants Ashland Paper Mills, Inc., White-Washburne Corp., Bridgeport Paper Co., Inc., and Seymour I. Baum.

Jaffin, Schneider, Kimmel & Galpeer, New York City, for defendant A. P. W. Products Co., Inc.

DIMOCK, District Judge.

Defendants make two motions: (1) to dismiss the complaint; and (2) to vacate plaintiffs' notice to take defendants' deposition.

The motion to dismiss was addressed to plaintiffs' original complaint. Plaintiffs have served an amended complaint pursuant to Rule 15(a), F.R.C.P., 28 U.S.C., which permits an amendment as a matter of course where, as here, no responsive pleading has been served. This amended complaint alters all of the original complaint except the second cause of action. I can therefore decide the motion to dismiss at this time only in so far as it is addressed to the second cause of action.

As to the remainder of the complaint, defendants' time to answer or renew this motion and address it to the amended complaint is extended for ten days from the date this memorandum is noted in the Law Journal. Since the issues on a motion to dismiss the amended complaint apparently would be similar to those on this motion to dismiss, it will be sufficient for defendants, if they so desire, to advise me that they wish to press a motion to dismiss the amended complaint. I will then consider the papers on this motion as addressed to the amended complaint and, after a reasonable period for additional memoranda from the parties, decide that motion.

Plaintiffs' second cause of action alleges a derivative claim under section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), to recover insider's profits which an officer of the nominal corporate defendant, A. P. W. Products Company, Inc., is alleged to have made by purchases and sales of that corporation's stock during a six-month period. That corporate defendant advances only one ground in support of its motion to dismiss this cause of action,

that plaintiffs have failed to fulfill the statutory requirement that no derivative action may be commenced until sixty days after demand on the corporation to commence such an action has been made.

Paragraph "Twenty-Fourth" of the complaint alleges as follows:

"No request or demand has been made by the plaintiffs to or upon the Corporation to institute suit against the individual defendant since he owns and controls more than a majority of the stock of the Corporation and together with his two sons and wife constitute all of the Board of Directors and officers of said Corporation; by reason thereof, it cannot reasonably be expected that said Board of Directors or officers would cause said Corporation to institute and prosecute suit against said individual defendant, and therefore said demand would be futile and is excused."

■ This allegation clearly shows that a demand upon the corporate officers, in effect, to sue themselves, would be a futile gesture. In view of this, plaintiffs are excused from performing this mere ceremony. Grossman v. Young, D.C.S.D.N.Y., 72 F.Supp. 375, 380. Defendants' fear that this rule means that a plaintiff in a 16(b) case need never make a demand is unfounded. The allegation that the demand would be futile must be proved and it is not every "insider" who controls the board of directors. Defendants' motion to dismiss the second cause of action is therefore denied.

Defendants' motion to vacate plaintiffs' notice to take depositions is grounded on the fact that defendants were served with process on March 6, 1956 while the notice to take depositions was served on March 24, 1956, only eighteen days thereafter. Defendants rely on Rule 26(a) which does not permit a plaintiff to serve a notice to take depositions within twenty days after commencement of the action without leave of court, which was not here obtained.

Plaintiffs are correct in stating that a civil action is commenced by filing a complaint with the court. Rule 3 I.R. C.P. Therefore, plaintiffs reason that, since the complaint was filed on March 1, 1956, the notice of taking depositions was not served until more than twenty days had elapsed after the commencement of the action.

■ Rule 3 must be read, however, in conjunction with Rule 4(a) which requires that, upon the filing of a complaint, the summons shall be "forthwith" issued and delivered to the marshal for service upon the defendants. From the certificates of service executed by the marshal, it is obvious that plaintiffs did not comply with Rule 4(a). While the complaint was filed on March 1st, the summons was not delivered to the marshal until March 6th. It is very difficult to see why an immediate delivery to the marshal was not accomplished, especially here where the marshal's office is in the same building in which the complaint is filed.

■ The purpose of this twenty-day period in Rule 26 is to allow defendants sufficient time to inform themselves of the nature of the claim against them. See comment upon Rule 26(a) by the Advisory Committee on the Federal Rules, quoted in 4 Moore, Federal Practice, par. 26.09[3], p. 1047. This purpose could be easily circumvented if a plaintiff could with impunity delay delivery of the summons to a marshal until all or part of the twenty-day period had elapsed. The court will not permit such frustration. Caribbean Const. Corp. v. Kennedy Van Saun M. & E. Corp., D.C. S.D.N.Y., 13 F.R.D. 124.

I need not, however, grant defendants' motion to vacate plaintiffs' notice to take depositions. For the purposes of enforcement of the rules it will suffice that the taking of depositions under notices which defendants have served take precedence.

Settle order on notice.