ETABLISSEMENTS HENRY-LE
PAUTE, S.A., Plaintiff

v.

AMERICAN GREINER ELECTRONICS,
INCORPORATED, Defendant.

Civ. A. No. 7725.

United States District Court
D. Connecticut.
April 15, 1959.

Robert D. Spille, Arthur V. Smith and Curtis, Morris & Safford, New York City, Frank E. Callahan and Wiggin & Dana, New Haven, Conn., for plaintiff.

Anthony P. De Lio, Richard Spencer and Blair Spencer & Buckles, Stamford, Conn. (Laurence E. Laubscher and Pierce, Scheffler & Parker, Washington, D. C., of counsel), for defendant.

ANDERSON, District Judge.

The plaintiff, Etablissements Henry-LePaute, S. A., a French corporation, sued the defendant, American Greiner Electronics, Incorporated, a Connecticut corporation, in the District of Connecticut for infringement of plaintiff's patent. For the sake of brevity, the parties will be referred to as Henry-LePaute and American Greiner. The complaint was filed in this court on March 20, 1959. On March 18, 1959, American Greiner had filed a complaint in the District of Columbia, asking for a declaratory judgment of the invalidity of the same patent. American Greiner now moves this court for a stay of the instant action.

■ It is a general rule of comity between federal courts that where two cases between the same parties, involving the same issues, are commenced in two federal courts, the action should proceed in the forum in which the case was first brought. Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F. 2d 1012; Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 1939, 104 F.2d 589, 592; Speed Products Co. v. Tinnerman Products, Inc., 1948, 83 U.S.App.D.C. 243, 171 F.2d 727.

■ There is little question that the issues in the two suits between these parties are the same. In the District of Columbia suit, brought pursuant to 35 U.S.C. § 293, American Greiner has asked for a declaration of the invalidity of the patent. In this suit, Henry-LePaute has asked for an injunction and damages for infringement of the same patent. Answers have not yet been filed in either suit; but it is not seriously contended by either party that the critical issues— validity and infringement—will not be litigated in either suit. The fact that the position of the parties is turned around in the one suit as compared with the other does not destroy the identity of the issues. See Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012, 1014.

In opposition to the motion to stay, Henry-LePaute urges that it is not yet subject to the jurisdiction of the District of Columbia court, due to failure of American Greiner to follow the provisions of 35 U.S.C. § 293. This section provides that jurisdiction may be obtained over a foreign patentee by service upon its agent in the United States; or if such agent does not exist or cannot be found, service may be made by publication or otherwise as the court directs. From the facts before this court now, it does not appear that American Greiner, which has begun proceedings for service of process by publication in the Washington suit, has failed to follow the provisions of the statute. The fact that this court obtains jurisdiction over American Greiner before Henry-LePaute is properly served in Washington action does not, in and of itself, mean that this action should proceed here.

■ An action is commenced not when the court obtains jurisdiction over a defendant, but rather when the complaint is filed with the clerk of the court, at least where process subsequently issues in due course. 28 U.S.C.A., F.R.Civ.P., Rule 3; Penn General Casualty Co. v. Com. of Pennsylvania ex rel. Schnader, 1935, 294 U.S. 189, 196, 55 S.Ct. 386, 79 L.Ed. 850; Barber-Greene Co. v. Blaw-Knox Co., 7 Cir., 1957, 239 F.2d 774, 778.

■ It is true that the rule allowing a party who first files his complaint to proceed should not be applied inflexibly by the courts as a rigid mechanical solution. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200. But the instant case, unlike Kerotest, is not one in which adherence to the rule will create multiplicity of suits. Cf. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., D. C.S.D.N.Y.1955, 135 F.Supp. 505.

Plaintiff relies heavily on Webster-Chicago Corp. v. Holstensson, D.C.Cir., 1955, 132 F.Supp. 287, for the proposition that the suit which is first in time may be stayed, to allow the suit which came later to proceed. In that case the court pointed out that the declaratory judgment action was a proceeding in rem, while the subsequently brought infringement suit was in personam, and could better determine all the issues between the parties. Moreover, the trial could be reached more quickly in Illinois than in the District of Columbia, at that time, and the question of whether the defendant had submitted to the jurisdiction of the District of Columbia court was debatable. Further, Illinois was a more favorable forum for access to sources of proof. While these same elements may be present in the instant controversy, in the interests of comity, it will be better to have the determination of this question made by the court in which the action was first commenced, and which has

230

jurisdiction over the res. A motion by Henry-LePaute to dismiss the District of Columbia suit is now pending in that jurisdiction.

An order may therefore enter staying this suit for ninety days, or until the District Court for the District of Columbia decides the motion to be brought before it. Cf. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 85 U.S. P.Q. 185, 186 (D.Del.1950). At such time, the parties may apply either for an extension, or for a stay, consonant with the District of Columbia decision.

So ordered.