Samuel L. WESTERMAN, Plaintiff,

v.

Robert E. GROW, Grow Solvent Company, Inc. and Metropolitan Telecommunications Corporation, Defendants.

United States District Court
S. D. New York.

Oct. 6, 1961.

See also 198 F.Supp. 307.

Gallop, Climenko & Gould, New York City, for plaintiff; Jesse Climenko, Martin I. Shelton, and Paul B. Bergins, New York City, of counsel.

Multer, Nova & Seymour, New York City, for defendant Metropolitan Telecommunications Corp.; Barnett J. Nova, New York City, of counsel.

METZNER, District Judge.

Defendant Metropolitan Telecommunications Corporation moves to vacate plaintiff's notice to take its deposition, on the ground of noncompliance with F.R.Civ.Proc. 26(a), 28 U.S.C.A.

The complaint was filed on July 20, 1961. On July 26 the summons and complaint were served upon an employee of the defendant corporation. On August 15 the notice to take deposition was served. On August 25 a second service of the summons and complaint was made upon an officer of the defendant corporation.

In a companion motion the first service of the summons and complaint on July 26 has been held improper, but the complaint was not dismissed because the defective service of the summons and complaint was cured by the subsequent service of the summons and complaint on August 25.

We thus have a complaint filed on July 20, with a notice to take deposition served before a valid service of the summons and complaint. The problem presented is whether technical compliance with the rules sustains the validity of the notice to take deposition (F.R.Civ.Proc. 3, 4(a) and 26(a)). This problem has already been dealt with in slightly different context in this district. Edwin H. Morris & Co., Inc. v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y.1950, 10 F.R.D. 236; Caribbean Const. Corp. v. Kennedy Van Saun Mfg. & Eng. Corp., D.C.S.D.N.Y. 1952, 13 F.R.D. 124; Netter v. Ashland Paper Mills, Inc., D.C.S.D.N.Y.1956, 19 F.R.D. 529.

Rule 3 provides that a civil action is commenced by filing a complaint with the court. In this case that was done on July 20. Rule 26(a) provides that a plaintiff may serve a notice to take deposition without leave of court 20 days after the commencement of the action. In the instant case the notice was served on August 15, more than 20 days after the commencement of the action. However, valid service of the summons and complaint upon the defendant was not made until August 25.

The purpose of the 20-day period provided in Rule 26(a) is to allow the defendant sufficient time to inform itself as to the nature of the claim against

it and to engage an attorney to represent it in the action. See comment upon Rule 26(a) by the Advisory Committee on the Federal Rules, quoted in 4 Moore, Federal Practice ¶ 26.09, 1047 (2 Ed. 1950).

While the plaintiff may technically have complied with the provisions of the rules, such compliance in the circumstances of this case should not be availed of to support his notice to take deposition. The purpose of the rule could easily be subverted if such practice were permitted.

Motion granted. So ordered.