**Clinton HOFFLER, Appellant,**

v.

**Edward K. WHEELER, Appellee.**

**No. 2854.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 12, 1962.

Decided April 19, 1962.

Charles Jay Pilzer, Washington, D. C., with whom Harvey A. Jacobs, Hubert M. Schlosberg and George J. Hughes, Washington, D. C., were on the brief, for appellant.

Richard H. Strodel, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Chief Judge.

The question on this appeal relates to the admissibility in evidence of the deposition of a witness taken by plaintiff more than twenty days after commencement of the action but prior to service of process upon the defendant.

These are the facts. Plaintiff's automobile, driven by his daughter, was in a collision with an automobile driven by defendant, and plaintiff sued for property damages. The complaint was filed on May 6, 1959, but service of process on defendant was not made until October 30, 1959. However, on June 26, 1959, defendant was personally served by plaintiff's attorney with notice that the deposition of a witness (a passenger in plaintiff's automobile at the time of the collision) would be taken on July 2d.[1] The deposition was taken on the date specified in the notice but neither defendant nor anyone representing him was present. At trial, upon a showing that the witness was then living in a foreign country, her deposition was received in evidence over defendant's objection.

■■■ The taking of depositions upon oral examination is controlled by the trial court's Civil Rules 26 and 30, which are based upon and substantially follow Federal Rules of Civil Procedure 26 and 30, 28 U.S.C.A. Rule 26(d) permits the use of a deposition against "any party who was present or represented at the taking of the deposition or who had due notice thereof." Defendant was not a party at the time he was served with the notice or at the time of the taking of the deposition. He was only a named party. The mere fact that one has been named a party on the record does not make him one.[2] Until a person has been served with process, he is not within the jurisdiction of the court and is not a party to the action.[3] Not being a party when served with notice of the taking of the deposition, defendant was not bound to respond to it.

Plaintiff argues that Rule 26(a), the same as Federal Rule of Civil Procedure 26(a) as amended, by its plain language permits the taking of depositions after the commencement of the action with no restriction except that leave of court must be obtained if notice is served by the plaintiff within twenty days after commencement of the action; that the action here had been commenced by the filing of the complaint and more than twenty days had elapsed when notice was served; and thus full compliance was had with the rule. Plaintiff also argues that the 1948 amendment to Federal Rule of Civil Procedure 26(a), which eliminated the former restrictions of "by leave of court after jurisdiction has been obtained over any defendant" and "without such leave after answer has been served," clearly shows that service upon the defendant is not a prerequisite to the taking of depositions.

No case squarely in point has been cited to us and we have found none; but in our opinion it is unthinkable that a person can be bound by a proceeding in an action against him when that proceeding occurs before he has been served with process or has entered an appearance. The Advisory Committee in its notes on the proposed 1948 amendment commented:

"The amendment eliminates the requirement of leave of court for the taking of a deposition except where a plaintiff seeks to take a deposition within 20 days after the commencement of the action. The retention of the requirement where a deposition is sought by a plaintiff within 20 days of the commencement of the action protects a defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit; the plaintiff, of course, needs no such protection. The present rule forbids the plaintiff to take a deposition, without leave of court, before the answer is served. Sometimes the defendant

---

1. No explanation appears in the record why plaintiff's counsel was able to serve defendant with the notice in June, but the Marshal could not serve him with process until October.

2. 72 C.J.S. Process § 3.

3. 42 Am.Jur., Process § 4.

delays the serving of an answer for more than 20 days, but as 20 days are sufficient time for him to obtain a lawyer, there is no reason to forbid the plaintiff to take a deposition without leave merely because the answer has not been served." 5 F.R.D. 453; 4 Moore, Federal Practice § 26.01 [4] (2d ed.).

Walter P. Armstrong, commenting upon the proposed amendment, said:

" * * * The filing of the complaint is the commencement of the action, but a party may not even learn of the commencement of the action until he is served. It is possible that service may be had after the expiration of ten or even twenty days from the commencement of the action. Under these circumstances the defendant, without any opportunity to consult counsel, could be confronted with a notice to take depositions, a request for admissions, a motion for a summary judgment, or be required to answer interrogatories. Uniformity is easily obtainable by fixing the period within which these steps can be taken without leave of court after the expiration of a certain number of days from the service of process, instead of from the commencement of the action." 5 F.R.D. 348.

It appears to us that these comments plainly contemplated that service on the defendant would be had before he could be served with notice of the taking of a deposition. Our review of the authorities and the cases convinces us that the purposes of

the amendment were (1) to permit discovery prior to the filing of an answer, and (2) to remove any doubt of the right of discovery on the issue of the court's jurisdiction.[4] In none of the cases have we found even an intimation that discovery could be had prior to service of process upon the defendant. On the contrary, in a case where the notice of deposition was served before valid service of the summons and complaint, the notice was vacated by a United States District Court even though there had been technical compliance with the time limits of Rule 26(a). "The purpose of the rule," said the court, "could easily be subverted if such practice were permitted." Westerman v. Grow, D.C.S.D.N.Y., 198 F.Supp. 309.

Plaintiff argues that defendant upon receipt of the notice could have applied to the court under Rule 30(b) for any protective measures needed. But Rule 30(b) allows the motion to be made by "any party or by the person to be examined." Defendant was not the person to be examined and he was not a party until served with process. Had he sought relief under Rule 30(b) he would have made an appearance and become a party; and the effect would have been to force him to enter an appearance prior to service of process.

■ Our conclusion is that the rules do not permit, and could not permit, the use of the deposition against the defendant when the deposition was taken prior to service of process upon the defendant.

Reversed with instructions to grant a new trial.

4. 4 Moore, Federal Practice § 26.09 (2d ed.); 2A Barron & Holtzoff, Federal Practice and Procedure § 643 (rev. ed.); Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., D.C.S.D.N.Y., 11 F.R.D. 156; Caribbean Const. Corp. v. Kennedy Van Saun M & E Corp., D.C.S.D.N.Y., 13 F.R.D. 124; Netter v. Ashland Paper Mills, D.C.S.D.N.Y., 19 F.R.D. 529; In re American Anthracite & Bituminous Coal Corp., D.C.S.D.N.Y., 22 F.R.D. 504; Sunbeam Corp. v. Payless Drug Stores, D.C. N.D.Cal., 113 F.Supp. 31.