**Application of The ROYAL BANK OF CANADA to quash a subpoena duces tecum dated November 27, 1962.**

United States District Court
S. D. New York.
June 20, 1963.

Sage, Gray, Todd & Sims, New York City, for plaintiff, Melber Chambers, and Wm. J. Allingham, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, by Thomas H. Baer, Asst. U. S. Atty., New York City, for United States.

EDELSTEIN, District Judge.

The Royal Bank of Canada has moved pursuant to Fed.R.Civ.P. 30(b) and 45 (b) to quash a subpoena duces tecum served upon it at the instance of the United States. The Bank claims that the subpoena was issued "without proper authority" and is not a valid process of this court as there is no action pending in connection with which a subpoena could properly be issued. Alternatively, the Bank moves this court pursuant to 26(b), 30(b) and 45(b) Fed.R.Civ.P. to modify and limit the scope of the subpoena upon the grounds that it seeks an examination into matters which are not "relevant to the subject matter" of the purportedly pending action.

The background for this procedural dispute is an action by the United States to recover delinquent taxes from the Estate of Isador J. Klein, who was convicted of income tax evasion in the Southern District of New York, and who died in British Columbia, Canada, on June 14, 1955. The Government seeks to recover $9,862,053.34 plus interest for income taxes and penalties due and owing for the years 1944, 1945 and 1946. Klein's executors are the Montreal Trust Company and Tillie V. Lechtzier.

On August 2, 1960, the Government filed a complaint with the Clerk of this Court in which the Montreal Trust Company and Tillie V. Lechtzier co-executors of the Estate of the deceased Isador J. Klein, were named defendants. The civil action was brought pursuant to 26 U.S. C.A. §§ 7401, 7402, and 7403, to enforce a lien upon the deceased taxpayer's property for delinquent taxes. The complaint made no allegation of personal liability against either of the defendants. It alleged that Klein died in 1955 owing the United States income taxes, penalties and interest and that an assessment had been made against him on August 2, 1954, by the Commissioner of Internal Revenue. The complaint alleged, in conclusion, that the named defendants were liable as executors of his estate for the assessments plus interest.

The filed complaint was docketed and received File Number 60, Civ. 3028, and the Clerk of this Court immediately issued a summons. No further action was taken in the suit, and on March 15, 1962, the Government was ordered to file, within four months of that day, a note of issue for trial or to take some alternative affirmative action in the matter. Failure by the Government to take the prescribed action would cause the action to be dismissed. Subsequently, the time for

compliance with the order was extended to January 15, 1963.

On November 27, 1962, a notice of the taking of the deposition of the Royal Bank of Canada was filed together with an affidavit that the notice had been served by mail upon the named defendants. On November 29, 1962, the Government served a subpoena duces tecum upon the New York agency of the Bank. The subpoena commanded the Chief Agent of the Royal Bank's New York Agency, Mr. Horace Grindell, to appear at the United States Courthouse for the taking of a deposition in an action entitled "United States of America, Plaintiff, against the Montreal Trust Company, etal, Defendants." The subpoena required Mr. Grindell to bring with him "all books, ledger [sic], correspondence and other papers regarding, concerning, belonging or pertaining to the Montreal Trust." The subpoena is the subject of this motion.

The Government does not deny the Bank's allegation that except for the filing of the complaint on August 2, 1960, and the issuance of the summons, no further action has been taken to prosecute the intended action. Indeed, the Government concedes that the summons was never delivered to the United States Marshal for service and that no attempt has been made to effect service of process on either of the defendants.

The Royal Bank argues that a consistent reading of the Federal Rules of Civil Procedure compels the conclusion that a subpoena duces tecum may not be issued to require the attendance of a witness at a deposition unless and until there is an action pending in this court. The Bank maintains that the discovery and deposition procedures are ancillary and incidental to a civil action pending in a Federal Court and may not be utilized independently of a pending action.

Pointing to Rules 26(a) and (b) and Rules 30(a) and 45(d) (1) Fed.R.Civ.P., the Bank maintains that authorization for resort to subpoena power in aid of a deposition must follow a prescribed procedural pattern. First, Rule 26(a) provides that a deposition may be taken "[a]fter the commencement of the action" and that further, a notice to take the deposition of a person shall be given "to every other party to the action." See Fed.R.Civ.P. 26(a) and (b); 30(b).[1] (Emphasis supplied.) The Bank asserts that the Rules indicate quite clearly that resort to the deposition procedure requires that an action be commenced and that there be other parties to the action. The notice to take depositions, required by 30(a) must then be served upon those who have been made "parties" via the service of a summons and complaint upon them.[2]

1. Rules 26(a) and (b) provide in part:
"(a) *When Depositions May Be Taken.* Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. *After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action.* The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. *Depositions shall be taken only in accordance with these rules.* The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. * * *

"(b) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved *in the pending action.*" (Emphasis supplied.)

2. Rule 30(a) provides in part:
"Notice of Examination: Time and Place. A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing *to every other party to the action.*" (Emphasis supplied.)

Rule 45(d) (1) completes the procedural sequence required to serve a subpoena. Rule 45(d) (1) provides that "[p]roof of service of a notice to take a deposition as provided in Rules 30(a) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the district court in which the deposition is to be taken of subpoenas for the persons named or described therein."[3] Thus the Bank contends that the basis for the valid service of a subpoena is the service of a valid notice of a deposition upon a party to the action which, in turn, depends upon actual commencement of the action by service of process. It has been held that the failure of a party to serve a written notice to take a deposition upon the opposing party invalidates a subpoena which has been issued by the Clerk without proper proof of notice of the taking of the deposition. In so holding the court made explicit that the giving of written notice to the other party to take a deposition is the prerequisite to the issuance of a valid subpoena. See Srybnik v. Epstein, 13 F.R.D. 248, 249 (S.D.N.Y.1952).

■■ It is well established that to commence a civil action in the Federal court the plaintiff must comply with Rules 3 and 4 Fed.R.Civ.P.[4] Rules 3 and 4 are to be read together and the authorities have reiterated that an action is not commenced until the complaint is filed and the summons is issued and *forthwith* delivered to the Marshal so that service may be made upon the defendant. See Mohler v. Miller, 235 F.2d 153, 154–155 (6th Cir. 1956); L. G. De-Felice & Son, Inc. v. Globe Indemn. Co., 23 F.R.D. 275, 278 (S.D.N.Y.1959); Hukill v. Pacific & Arc. Ry. & Nav. Co., 159 F.Supp. 571, 573–574, 17 Alaska 498 (D.C.Alaska 1958).[5] In cases involving a cognate problem it has been held that, for the purpose of taking depositions under Rule 26, an action is not commenced until there has been compliance with Rule 4(a) by service of the summons and complaint upon the named defendant. See Westerman v. Grow, 198 F.Supp. 309 (S.D.N.Y.1961); Netter v. Ashland Paper Mills, Inc., 19 F.R.D. 529 (S.D.N.Y. 1956); Caribbean Constr. Corp. v. Kennedy Van Saun Mfg. & Eng'r. Corp., 13 F.R.D. 124 (S.D.N.Y.1952). But see Von Clemm v. Smith, 204 F.Supp. 110 (S.D. N.Y.1962); Newberg v. American Dryer Corp., 195 F.Supp. 345 (E.D.Pa.1961); United States v. Fireman's Fund Ins. Co., 191 F.Supp. 317 (D.Idaho 1961).

In the Caribbean Constr. Corp. case, supra, a case which presents the problem of delayed service of process in a stark and elementary fashion, the parties were involved in a race for priority in the taking of depositions before trial. The complaint was filed on July 25, 1952, and the clerk forthwith issued a summons. The plaintiff did not deliver the summons and complaint to the Marshal until August 11, 1952, seventeen days later.

3. Rule 45(d) (1) provides in part:
"(d) *Subpoena for Taking Depositions; Place of Examination.* (1) Proof of service of a notice to take a deposition as provided in Rules 30(a) and 31(a) constitute a sufficient authorization for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the persons named or described therein."

4. Rules 3 and 4(a) provide:
"Commencement of Action
"A civil action is commenced by filing a complaint with the court.
"Process
"(a) *Summons: Issuance.* Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants."

5. Although Mohler v. Miller, supra, and Hukill v. Pacific & Arc. Ry. & Nav. Co. deal with the problem of the commencement of the action as it bears on the question of tolling the statute of limitations, the reading given by those cases to Rules 3 and 4, Fed.R.Civ.P. is equally pertinent here. Accord, Gloster v. Pennsylvania R. R. Co., 214 F.Supp. 207 (W.D.Pa.1963).

Service of process was effected on August 12, the eighteenth day. On August 15, 1952, twenty-one days after filing the complaint, when plaintiff was no longer required to obtain leave of court under Rule 26(a), the plaintiff served a notice to take the defendant's deposition. The court viewed the seventeen day delay as "a flagrant violation" of Rule 4(a) and granted defendant's motion to vacate. The court quite aptly answered the plaintiff's contentions to the effect that the action had been commenced by the filing of its complaint and that the notice filed after the 21st day was valid:

"Plaintiff contends that since an action is 'commenced by filing a complaint with the court,' Rule 3, and since notice of deposition was served on the twenty-first day thereafter, that such notice is valid and leave of court was not required. Technically this is true. And it is also true that there appears to be no stated sanction for non-compliance with Rule 4(a) requiring delivery of the summons forthwith to the Marshal. But the answer is that the Federal Rules of Civil Procedure are to be viewed as an integrated whole and not as isolated fragments. The practice here indulged in, if permitted to go by unchecked, could become a convenient stratagem for plaintiffs, willing to adopt it, to defeat the purpose of the requirement of Rule 26(a), and, incidentally, to secure priority in the taking of depositions."

Caribbean Constr. Corp. v. Kennedy Van Saun Mfg. & Eng'r. Corp., supra, 13 F.R.D. at 127.

The Government has sought to brush aside the Netter, Westerman and the Caribbean Construction cases as inapposite by arguing they merely "construe the twenty day proviso [of Rule 26(a)] [6] as a notice requirement and hold that where twenty days' notice is not given via service of summons and complaint, the deposition of a defendant may not be taken, albeit the action is technically commenced." [7]

■ This argument misconceives the sweep of those decisions and the rationale upon which they are grounded. The Netter, Westerman and Caribbean Construction cases did, indeed, deal in a different factual context with a plaintiff's failure to "forthwith" deliver the summons to the Marshal for service. But the canon of construction which these cases pronounce is equally telling here. That principle of construction is that the Federal Rules of Civil Procedure in general, and Rules 3 and 4 in particular, are to be given a harmonious and symmetrical reading to prevent their circumvention and abuse through the employment of convenient stratagems. Applying that salutary principle to the instant case, it is readily apparent that this court would act in derogation of that principle were it to lend approbation to the procedure followed herein. Even were the court to hold that the action is "technically commenced" by the filing of the complaint, it does not follow that the court should ignore the rule of construction by isolating Rule 3 from Rule 4, rather than, as the authorities require, read those rules as complements of each other.

Professor Moore, in discussing the problem of when an action is commenced for the purpose of tolling the statute of limitations, has also approved a like interpretation of Rules 3 and 4:

"It should be kept in mind that Rule 3 is to be construed with Rule 4(a) that upon filing the complaint the clerk is forthwith to issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Where the summons is not 'forthwith' issued to the marshal for service a court may hold that the action has

---

6. Supra, note 1.

7. Government's Brief, p. 3.

not been properly commenced in order to toll the statute; or it may take the position that where the summons is for some reason not forthwith delivered to the marshal or the action is for some other reason not prosecuted with diligence that the proper procedural attack is by a motion to dismiss under Rule 41(b)."

See 2 Moore, Federal Practice ¶ 3.07 [4.-3-2] at p. 785 (5th ed. 1962).

The Government's citation of Penn General Cas. Co. v. Pennsylvania ex rel. Schrader, 294 U.S. 189, 196, 55 S.Ct. 386, 79 L.Ed. 850 (1935) and Etablissements Henry-LePaute, S.A. v. American Greiner Elect., Inc., 172 F.Supp. 228 (D.Conn. 1959) provides no assistance to the Government's position as those cases speak of the commencement of the action upon the filing of the complaint "at least where process subsequently issues in due course." Id. at 229. See Pepsi-Cola Co. v. Dr. Pepper Co., 214 F.Supp. 377 (W. D.Pa.1963); Osborne v. Mallory, 86 F. Supp. 869 (S.D.N.Y.1949); Krisor v. Watts, 61 F.Supp. 845 (D.Wis.1945).

■ The Government submits an additional reason for distinguishing Netter v. Ashland Paper Mills, Inc., supra, Westerman v. Grow, supra, and the Caribbean Construction case, supra. It has attempted to sap those cases of their vitality by pointing out that those authorities deal with the deposition priorities of parties to the action and not with the question of the right of a witness to object to a deposition upon grounds that ordinarily are available only to parties. The Government maintains that a prospective witness does not possess the standing to object to a failure of the plaintiff to comply with the discovery procedures. But the Government has failed to view the question of the witnesses' objection from another vantage point. Viewing this problem another way, in all the above cases the court sustained the parties' objection after an action had been commenced by service

of process, albeit the service of process was inordinately delayed. In the instant case the summons and complaint have not been served, nor has the Government even delivered the summons to the Marshal. In fact, almost two and one-half years have passed without the Government having taken any action to obtain jurisdiction over the defendants via service of process. The court has been unable to find any authority permitting a civil action plaintiff in the Federal court to engage in deposition and discovery procedures prior to bringing a defendant within jurisdiction of the court by service of process. And a sensible and harmonious reading of the Federal Rules of Civil Procedure does not sanction such an exploratory expedition by a plaintiff prior to bringing the defendants within the jurisdiction of the court by service of process. Under the peculiar and singular circumstances here present, with no defendants before the court, the only person capable of interposing an objection to the Government's unusual procedure is the person directly affected by the Government's action—the prospective witness. The witness has standing in these circumstances to protect himself against illegal and oppressive subpoenas by employing the conventional remedy of moving to quash a subpoena issued in violation of Fed.R.Civ.P. 3 and 4 and 26(a). Under the circumstances the Government should not be permitted to examine a Bank which it claims will be a witness in a case, when it has not attempted to obtain jurisdiction over the named defendants.

Although the court is unaided by any direct precedent that deals explicitly with this rather unusual factual constellation the court finds the case of Hoffler v. Wheeler, 179 A.2d 909 (D.C.Munic.Ct. App.1962) to be helpful.

In Hoffler, the complaint was filed on May 6, 1959, but service of process on the defendant was not made until October 30, 1959. However, during the intervening period defendant was personally

served by plaintiff's attorney on June 26, 1959, with a notice to take the deposition of a witness scheduled for July 2, 1959. The deposition was taken on the date specified in the notice but neither defendant nor anyone representing him was present. At trial, upon a showing that the witness was then living in a foreign country, the deposition was received in evidence over defendant's objection. On appeal, the Municipal Court of Appeals for the District of Columbia reversed a judgment for the plaintiff on the ground that the Federal Rules of Civil Procedure, applicable in the District of Columbia Courts, did not permit the use of the deposition against the defendant when the deposition was taken prior to service of process upon the defendant even though defendant had notice of the deposition. The court, after reviewing the background of Rule 26(a) stated that "It appears to us that these comments [of the Advisory Committee on the Civil Rules] plainly contemplated that service on the defendant would be had before he [defendant] could be served with notice of the taking of a deposition." Id. at 911.

Of course there is a readily discernible distinction between Hoffler v. Wheeler, supra, and the facts of this motion. The matter *sub judice* does not present the situation posed directly in Hoffler of a plaintiff's attempt to introduce into evidence a deposition taken before the defendant was made a party. But notwithstanding this distinction the rationale of Hoffler v. Wheeler is persuasive in its view that a plaintiff should not be permitted to use the Federal Rules' discovery procedures until, and unless, the prospective party has been subjected to the jurisdiction of the court via service of process.

■ The Government contends that this contested deposition is valid since the defendants received notice of the "commencement" of this action by way of a letter sent in 1960 to the Montreal Trust Company and therefore knew that the Government was engaged in an effort to find the defendants in this District. The Government claims that the mere fact that it retained the summons did not deprive the defendants of the actual notice of the lawsuit and that actual notice provided a valid basis for service of the deposition of the witness in accordance with Rule 30(a). But this argument also fails as a result of the erroneous premise on which it is founded; i. e., that notice of the commencement of the lawsuit can be given so informally. This contention cannot prevail for it is well established that notice of the precise nature of an instituted action is provided by the service of the pleading upon the named defendant. See 2 Moore, Federal Practice ¶ 8.02 et seq. (5th ed. 1962). Such informal modes of notice of a lawsuit as the Government submits to be valid, are not sanctioned.

■ The Government has already obtained information concerning the extent of business being conducted by the Montreal Trust Company. Pursuant to an Internal Revenue summons dated November 7, 1962, see 26 U.S.C.A. § 7602, the New York Agency of the Royal Bank answered specific questions concerning, in general, the nature of the services performed by banks in the Southern District of New York for the Montreal Trust Company and, in particular, the nature of the services performed by the Royal Bank for the Montreal Trust Company. Based on these responses the Government has stated in its affidavit that "The answers made by the New York Agency of the Royal Bank to the questions posed by the Internal Revenue Service indicate a substantial probability that the Montreal Trust Company is doing business within the Southern District of New York, notwithstanding the representations made in the letter annexed hereto as Exhibit B." The obvious question raised by this contention, and one not answered satisfactorily by the Government, is why the Government does not serve process upon the Royal Bank as agent for the Montreal Trust

Company. Then, if jurisdiction is disputed the court will be able to decide the question of jurisdiction in the normal course and in the correct procedural posture—pursuant to a motion to dismiss for lack of jurisdiction over the person. The Government should not be permitted to use the process of the court prior to the commencement of an action to examine a prospective witness in order that it may be able to decide whether it will be on firm ground in finally bringing the processes of the court into play. The Federal Rules of Civil Procedure may not be used as a convenient means of determining whether the institution of litigation will be worthwhile.

Finally, the Government argues that depositions touching upon jurisdictional facts are proper and cites River Plate Corp. v. Forestal Land, Timber & Ry. Co., Ltd., 185 F.Supp. 832, 835 (S.D. N.Y.1960); Monteiro v. Sociedad Mar. San Nicolas, S.A., 254 F.2d 514 (2d Cir. 1958); and Blair Holdings Corp. v. Rubinstein, 122 F.Supp. 602 (S.D.N.Y. 1954), and others, in support of that proposition. But those cases are hardly apposite since the service of process upon the defendants had already been made in those cases and the issue there involved the propriety of adjudicating a motion to dismiss for lack of jurisdiction over the person on affidavits alone, or whether depositions were required for an effective determination.

In sum, no action has been commenced in which the deposition of the Bank may legally be taken. Moreover, the notices under Rule 26, which are necessary for the issuance of a subpoena under Rule 45, are to be served upon *parties* to an action after the commencement of the action, and no action has been commenced as yet against anyone.

The Application of the Royal Bank of Canada to quash the subpoena duces tecum dated November 27, 1962, is hereby granted. This is an order. No settlement necessary.