**SWISS JEWELERS, INC., Plaintiff,**

**v.**

**FORSGREN LTD, INC., LAUFOU SHOPPING CENTER, AMERICAN SAMOA GOVERNMENT, AMERICAN SAMOA POWER AUTHORITY, and DOES I through X, jointly and severally, Defendants.**

High Court of American Samoa
Trial Division

CA No. 35-04

April 21, 2005

.

Before RICHMOND, Associate Justice; SAGAPOLUTELE, Associate Judge; and LOGAI, Associate Judge.

Counsel: For Plaintiff, Mark Ude,
For Defendants Forsgren Ltd., Inc., and Laufou Shopping Center, Sharron I. Rancourt,
For Defendant American Samoa Government, Monica L. Abello and Diane Roy, Assistant Attorneys General
For Defendant American Samoa Power Authority, Jeffrey Waller.

## ORDER DISMISSING NON-LEGAL ENTITY, DENYING SUMMARY JUDGMENTS, AND GRANTING LEAVE TO AMEND

### Introduction

On April 20, 2002, a fire occurred in Laufou Shopping Center allegedly destroying the inventory of Plaintiff Swiss Jewelers ("Swiss"). On April 19, 2004, Swiss filed a negligence action against Defendants Forsgren Ltd., Inc. ("Forsgren") and Laufou Shopping Center ("Laufou") maintaining that the inventory damage was caused by a negligently maintained electrical system. On September 2, 2004, Swiss filed and served upon all parties an amended complaint adding as Defendants American Samoa Government ("ASG") and American Samoa Power Authority ("ASPA"). On October 1, 2004, Defendants ASG and ASPA filed a joint motion for summary judgment based on the statute of limitations and doctrine of laches. On November 1, 2004, Forsgren and Laufou filed a motion to dismiss or motion for summary judgment based upon: (1) insufficient service of process; (2) statute of limitations; (3) the doctrine of laches; and (4) as to Laufou, that the shopping center is not an entity capable of being sued.

In accordance with our discussion of these claims in greater detail below, we conclude that Forgren's and ASG and ASPA's motions are denied, and the motion to dismiss Laufou is granted.

### Discussion

### I. Standard of Review

In the present matter, in light of the parties' submissions and claims, we treat the parties' motions as motions for summary judgment. If on a motion to dismiss a cause of action for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. T.C.R.C.P. 12(c). A court should award summary judgment where the pleadings and supporting materials show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). In deciding upon a motion for summary judgment, the Court must assume the truth of the evidence presented by the non-moving party and draw from the evidence the inferences most favorable to the non-moving party. *See Lokan v. Lokan*, 6 A.S.R.2d 44 (Trial Div. 1987).

## II. Laufou's Legal Entity Status

Swiss and Forsgren agree that Laufou is not a separate legal corporation, partnership, or unincorporated association capable of being separately sued, and acknowledge that it is a fictitious name used by Forsgren to conduct business at the shopping center. This being the case, we dismiss Laufou as a proper party to this action.

## III. Forsgren's Motion for Summary Judgment

■ Forsgren first contends that Swiss' claim fails for failure to comply with the appropriate statute of limitations period. We disagree. Swiss filed its initial complaint with the court on April 19, 2004, virtually on the two year anniversary of the April 20, 2002 fire which gave rise to the cause of action. On September 2, 2004, nearly two years and four months after the fire, Swiss filed an amended complaint. Swiss served the amended complaint on Forsgren on September 17, 2004.

Forsgren argues that the applicable limitations period is A.S.C.A. § 43.0120(2), stating that "actions founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statutory penalty, within 2 years." Swiss, on the other hand, maintains that A.S.C.A. § 43.0120(2) is not applicable and that its complaint was timely filed within the requisite three year limitations period. We agree with Swiss. Under A.S.C.A. § 43.0120(3), the limitations period for "actions founded on unwritten contracts, or brought for injuries to property, [is] within 3 years." Because the tort claim relates to the fire damage caused to Swiss' property, we regard the claim against Forsgren as an injury to property action with an applicable three year statute of limitations period.

■ Forsgren additionally argues, and submit affidavits to the effect that, because Swiss never had a summons issued on its original April 19, 2004 complaint, or provided Forsgren with a copy of it, the original complaint is invalid. We agree. Forsgren correctly points out that although there is no specific time limit for service of summons under local statutes or rules, A.S.C.A § 43.0201(a) holds that "[i]n the High Court, the civil practice shall conform, as closely as practicable, to the practice provided for in the Federal Rules of Civil Procedure." In turn, FED. R. CIV. P. 4(m) holds that:

[i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Recognizing that the "good cause" standard is restrictive, we see no reason to excuse Swiss' failure to serve, and find Swiss' original complaint inapplicable to Forsgren.

■ Nevertheless, we disagree with Forsgren's resulting conclusion that because the original complaint was invalid the amended complaint must also be disregarded. We note, as does Forsgren, that where a plaintiff has failed to serve process on a defendant, in effect, no action had been commenced. *See Application of the Royal Bank of Canada*, 33 F.R.D. 296, 299-303 (S.D.N.Y. 1963). Thus, while we agree with Forsgren's position that an amended complaint cannot relate back to cure a defective original complaint, where, as in this case, the original complaint was not properly served, we will regard the amended complaint as Swiss' first complaint.[1] *See also In Re Chauss Securities Litigation*, 801 F. Supp. 1257, 1261 (S.D.N.Y. 1992). Because the September 2, 2004 "amended complaint" was filed within the three year statute of limitations period for tort actions for property damage, was served on September 17, 2004, states a short and plain statement of the claim showing that the pleader is entitled to relief, and demands judgment for the relief to which he deems himself entitled, we regard Swiss' amended complaint as having been a timely filed and served first complaint against Forsgren as a party. T.R.C.P. 8(a).

As we now regard the "amended complaint" as a valid first complaint, Forsgren's concerns that it raises issues not mentioned in the earlier improper filing or that it was filed without leave of court are now moot. Regarding laches, Forsgren has not demonstrated prejudice resulting from unreasonable delay on Swiss' part in asserting its claim against Forsgren within the three year statute of limitations period.

---

[1] In this sense, although we are "dismissing" Swiss' original complaint, we are doing so under the logic that the original complaint never actually commenced. For this reason, we emphasize that in "dismissing" the original complaint, we do not seek to adjudicate Swiss' claims on the merits based on the flawed filing. *See* T.R.C.P. 41(b).

To the extent that the September 2 complaint was served without supporting attachments, as Forsgren maintains, we will now grant leave for Swiss to amend its complaint so as to properly include the necessary materials.

## IV. ASG/ASPA Joint Motion for Summary Judgment

■ ASG and ASPA jointly move for summary judgment arguing that Swiss' claim states no genuine issues of material fact because it is barred by the statute of limitations and the doctrine of laches. *See* T.C.R.C.P. 56(c). We disagree. Under the Government Tort Liability Act ("GTLA"), a plaintiff, as a prerequisite to filing a claim in court, must submit the claim to the Attorney General for review. A.S.C.A. § 43.1205. Only after the Attorney General denies the claim, or fails to address the claim within a three month period may a plaintiff then file that claim with the court. *Id.* However, once the plaintiff is eligible to file a claim in court, A.S.C.A. § 43.1204 states that "[a] tort claim against the government shall be forever barred unless an action on it is begun within 2 years after the claim accrues."

As we have described in past cases this current statutory scheme on its face creates a strange result. Interpreting the word "claim" as a "cause of action," we have construed the § 43.1204 statute of limitations period to begin when the administrative claim has been finally denied by the Attorney General within the meaning of § 43.1205 and where a plaintiff becomes eligible to pursue a cause of action in court. *Mataipule v. Tifaimoana Partnerships, Ltd.*, 16 A.S.R.2d 48, 56 (Trial Div. 1990); *Randall v. American Samoa Gov't*, 19 A.S.R.2d 111, 116 (Trial Div. 1991). In *Randall*, we noted that our reading of § 43.1204 can have "the odd effect of giving injured persons an indefinite amount of time in which to sue, since the Government Tort Liability Act does not explicitly specify a time for bringing administrative claims." *Id.*; *see also Bradcock v. American Samoa Gov't*, 28 A.S.R.2d 66, 68 (Trial Div. 1995). Thus, for example, where a person injured by a private person would be required to bring suit within two years after they knew or should of known of the injury under § 43.0120(2), if that person were instead injured by a government employee, he could theoretically "dawdle indefinitely," waiting one year, two years, or even longer before making an administrative claim with the Attorney General, and then have an additional two years to file a claim in court under § 43.1204 limitations period after than claim was denied.

■ Although we have repeatedly emphasized that this statutory ambiguity requires action by the Legislature, we have determined that prior to his eligibility to file suit in court, a plaintiff carries a legal duty to file administrative claims within a "reasonable time" or those claims will

be barred by the doctrine of laches. *Bradcock,* 28 A.S.R.2d at 68. In *Bradcock,* the plaintiff waited nearly 21 months before filing an administrative claim with the Attorney General, and nine months before filing a suit in court after his administrative claim was denied. *Id.* We concluded that this overall "unreasonable" delay barred his claim under the doctrine of laches. *Id.* at 69. In *Bradcock v. American Samoa Gov't,* 28 A.S.R.2d 182 (Trial Div. 1995) *("Bradcock II"),* we expanded upon the reasoning of the holding in *Bradcock.* In *Bradcock II,* we recognized the absurdity of allowing a period of almost two years prior to the filing of the administrative claim, and then an automatic fresh two year period following the denial of the administrative claim, concluding that the legislative intent of § 43.1204 was not to create a four year statute of limitations period. *Id.* at 183-84. In turn, we concluded that the statute of limitations period may be applied by analogy as a guide to the court's laches analysis. *Id.* at 185. Under this view, when looking at the "reasonableness" of the plaintiff's delay, a court should take into account the total delay, both in bringing an administrative claim, and in bringing suit once the claim has been denied, ordinarily limiting litigants "to some overall period resembling the two-year statute of limitations . . . taking into account the extra time required for exhausting administrative remedies." *Id.* at 185.

In the present case, the fire occurred on April 20, 2002, and Swiss maintains that the alleged negligence was not initially discoverable until June 7, 2002, upon release of a report detailing the circumstances of the fire by the Department of Public Safety. On April 19, 2004, nearly two years to the day of the fire, Swiss submitted its administrative claim to the Attorney General pursuant to A.S.C.A. § 43.1205. On that same day, Swiss filed its initial complaint with the court. Swiss failed to receive a response from the Attorney General's office upon the expiration of the requisite three month period, on or about July 19, 2004. Swiss then filed his current amended complaint on September 2, 2004, approximately a month and a half after the two years and exhaustion period following the fire.

We acknowledge that we cannot consider Swiss' initial April 19, 2004 complaint against ASG and ASPA, for it was filed prior to the exhaustion of administrative remedies under A.S.C.A. § 43.1205. Similarly were we to conclude that Swiss' September 2, 2004 amended complaint were to "relate back" to Plaintiff's original filing, for the same reason we could not exercise jurisdiction for failure to exhaust administrative requirements. *See Randall,* 19 A.S.R.2d at 118. However, if we instead regard Swiss' amended complaint against ASG and ASPA as a new complaint, Swiss' complaint is not barred. Had Swiss' amended complaint been filed months or years after the original complaint, it might be barred either by the § 43.1204 two-year statute of limitations

period, or by the *Bradcock II* doctrine of laches. In the current case, however, Swiss' delay does not appear to be a conscious strategy to extend the GTLA limitations period well beyond two years, but instead appears to substantially comply with it. Swiss filed its administrative action and initial complaint almost exactly on the two year anniversary of the fire. In addition, were we to accept that Swiss did not become aware of possible negligence until June 7, 2002, over one month and a half after the fire, Swiss' filing of its amended complaint would fall within the two years and three months contemplated by the combined limitations and exhaustion periods. Consequently, upon analyzing the "reasonableness" of Swiss' delay, we conclude that by regarding its amended complaint as a new cause of action, it has properly pursued litigation within a "reasonable period" to sustain a cause of action against ASG and ASPA.

## Order

1. Forsgren and Laufou's motion to dismiss Laufou as a party is granted as Laufou is not an entity capable of being sued.

2. Because Swiss' amended complaint may be independently regarded as a timely and properly served complaint filed within the requisite three year statute of limitations period, we deny Forsgren's motion as it pertains to improper service, statute of limitations, and doctrine of laches, but grant Swiss leave to amend in order to properly serve attachments.

3. Similarly, because Swiss pursued litigation against ASPA and ASG within a reasonable period resembling the overall two year and three month combined limitations and administrative exhaustion period, Swiss is not barred by either the statute of limitations or the doctrine of laches to bring suit against ASG or ASPA.

It is so ordered.