164 So.2d 848 (1964)
Jessie Lee BROWN, Setzer's Warehouse, Inc., a Florida corporation, and Food Fair Stores, Inc., a Pennsylvania corporation, Appellants,
v.
Chester Arthur TANNER, Appellee.
No. E-264.
District Court of Appeal of Florida. First District.
June 4, 1964.
Reynolds & Goldin, Gainesville, for appellants.
Gray, Chandler, O'Neal, Carlisle & Avera, Gainesville, for appellee.
RAWLS, Judge.
The two salient points on this appeal concern the trial judge's action in admitting into evidence material portions of a deceased party's deposition which was taken prior to joinder of appellants as parties defendant in this cause. Appellants insist that said action was erroneous and constitutes such harmful error that a new trial is in order. Appellee contends that the trial judge was well within his discretion in admitting such evidence, but even if the action is held to be erroneous, it falls within the harmless error decisions.
This action was instituted by appellee-plaintiff Tanner subsequent to a motor vehicle collision which involved an automobile driven by Tanner, a pulpwood truck *849 owned by Floyd James Saunders and operated by Henry Brown, and a truck owned by appellant Setzer's Warehouse, Inc., but operated at the time by Food Fair Stores, Inc. by and through its employee, Jessie Lee Brown. Plaintiff's wife was killed in the accident.
On September 25, 1961, plaintiff sued Floyd James Saunders, owner of the pulpwood truck and Henry Brown, driver of same, for damages arising out of the accident. On March 16, 1962, plaintiff's attorney filed notice of taking the depositions of defendants Saunders and Henry Brown, and of Jessie Lee Brown, as a witness. These depositions were taken on March 23, 1962. It is at this point that we reach the events giving rise to the question set out above. Jessie Lee Brown was deposed solely in the capacity of a witness. After procuring an appropriate order, plaintiff filed an amended complaint on May 17 in which he named as additional defendants Setzer's Warehouse, Inc., Food Fair Stores, and Jessie Lee Brown. As related above, these defendants were brought in by reason of their relationship with the truck operated by Jessie Lee Brown, which will be referred to as the grocery truck. On June 29, the new defendants propounded certain interrogatories to defendant, Henry Brown, driver of the pulpwood truck. On December 7, defendant Henry Brown was killed. Appellants moved on December 26, 1962 to suppress the deposition taken on March 23, 1962 on the following grounds:
1. Appellants were not parties to the cause when taken.
2. Appellants had no notice of the taking.
3. Appellants were afforded no opportunity to cross-examine the deponent Henry Brown.
4. The deposition was inadmissible under the rules of evidence against the appellants.
The trial court denied appellant's motion to suppress. During the trial of the cause defendant Saunders published salient portions of decedent Brown's deposition. Again, appellant's motion to suppress Brown's deposition was denied. The jury returned a verdict against appellants and in favor of plaintiff Tanner, and found Henry Brown's estate not guilty. This appeal was taken from judgment on the verdict.
Decedent Brown's deposition was taken pursuant to Florida Civil Procedure Rule 1.21, 30 F.S.A., which provides in part:
"(a) Any party may take the deposition of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes. * * *[1]
* * * * *
"(d) At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof * * *."
Thus, a literal reading of the rule compared with the undisputed facts, reveals the absence of each prerequisite, insofar as same apply to appellants.
Surprisingly, this subject has not received extensive treatment by the modern authorities. In our extensive research we have located fragments of statements in opinions which generally sustain the position that a deposition taken in the absence of the opposing party is not admissible in that it violates the hearsay rule.
*850 In his treatise on evidence Professor Wigmore concludes that the deposition would be excluded where the opposing party has not been afforded the opportunity of cross-examination and submits that the principle is precisely the same as for testimony obtained in any other manner and states: "The mere speaking under oath is not sufficient; the essential condition is that the person against whom the sworn statement is offered should have had an opportunity to cross-examine the deponent."[2]
Justice Jones in his treatise on Evidence, Fifth Edition, states the rule as follows:[3]
"Depositions are not to be rejected for the reason that, subsequent to their taking, the pleadings have been materially amended, if the issues remain substantially the same. But if new parties are joined, depositions which have been taken before their joinder may not be read against such new parties."
This position is buttressed by the decision of Gottfried v. Gottfried,[4] in which Justice Walter stated:
"Where a witness (party or non-party) gives testimony upon a trial upon direct examination by one party, all other parties are entitled to cross-examine him, and that rule is so stringent that if for any reason cross-examination becomes impossible, his testimony on direct examination must be stricken out. People v. Cole, 43 N.Y. 508; Morley v. Castor, 63 App.Div. 38, 71 N.Y.S. 363; Gallagher v. Gallagher, 92 App.Div. 138, 87 N.Y.S. 343; Matter of Mezger's Estate, 154 Misc. 633, 278 N.Y.S. 669. When the examination of a party before trial is read upon a trial that party gives testimony upon the trial and the situation is exactly the same as if the party who took the examination had examined him in chief upon the trial, and I thus think the rule of the cases just cited requires that the party so examined be allowed to be cross-examined by his own counsel. In fact, the situation of an examination of an adverse party before trial calls even more loudly for application of the rule of those cases, because a party examining an adverse party before trial is accorded greater latitude than ordinarily is accorded to counsel examining a witness upon a trial, in that for the very reason that he is examining an adverse party he frequently is permitted to put leading questions, questions calling for conclusions, and questions which severely limit the scope of the answers. Cross-examination of a party examined before trial thus seems to me even more essential from the standpoint of justice than cross-examination of an ordinary witness; and that, as the cases just cited show, long has been and still is regarded as a right."
In Smith v. Milwaukee Builders' & Traders' Exchange,[5] an 1895 case decided by the Supreme Court of Wisconsin, the deposition of a witness was taken prior to the time the defendants were made parties to the suit. Upon the argument of the case the attorney for the defendant was allowed against objection to read aloud part of the deposition to the jury. The court held that such could not be used against the Bayleys because they were not parties to the action when it was taken.
The Supreme Court of Iowa held in Brown v. Zachary,[6] a case decided in 1897, that depositions taken before one of the *851 defendants was made a party to the suit was not admissible against him.
In Dalsheimer v. Morris,[7] a case decided in 1894, the Civil Court of Appeals of Texas held that a deposition cannot be used in evidence against one made a party to the action after it was taken without notice or an opportunity to cross-examine.
In Knowles v. Stargel,[8] the Supreme Court of Wisconsin in considering the same question as concerns us here held:
"* * * At the time it was offered the objection was made by the respondent insurance company that the examination had occurred without notice to it. The objection was properly sustained. Under the ordinary rules of evidence obtaining in this state, a deposition cannot be used on the trial against one who was not a party to the action when it was taken. * * *"
In Hendrix v. Hendrix,[9] the Supreme Court of Alabama was concerned with a similar question. There, the court stated that the decisive question was whether or not the depositions of the plaintiffs' witnesses taken before the institution of the suit can be used to sustain the decree. The court observed that with such depositions in evidence the decree was well sustained but otherwise the case was not proven. In reaching the conclusion that the depositions constituted illegal evidence, the Alabama Court stated:
"On the specific question now under consideration, it was ruled that the evidence is illegal where it is presented by a deposition taken before the defendant had been brought into court by service of process or in some other legal way `and such an irregularity will not be cured by the subsequent voluntary appearance of the defendant.' Oxford Iron Co. v. Quinchett, 44 Ala. 487, 490.
"This seems to be the general rule, and as observed in 18 Corpus Juris 632, § 68: `Generally depositions other than in perpetuam can be taken only in a pending action, or after the court has obtained jurisdiction of the defendant or the subject matter in some recognized legal mode.' See 26 C.J.S., Depositions, § 33. See also 16 Am.Jur., Depositions, p. 706, § 19; Couch v. State, 63 Ala. 163."
Federal decisions upon the subject seem to follow the general rule as enunciated by the Alabama Court. Hoffler v. Wheeler[10] is the closest of the modern authorities that we can find in point. There, the complaint in a negligence action was filed on May 6, 1959, but service of process on defendant was not accomplished until October 30, 1959. However, on June 26, 1959 defendant was personally served by plaintiff's attorney with notice that the deposition of a witness would be taken on July 2nd. At the trial it was shown that the witness was living in a foreign country and the trial court allowed her depositions to be received in evidence over the defendant's objection. The court in reversing and granting a new trial stated:
"No case squarely in point has been cited to us and we have found none; but in our opinion it is unthinkable that a person can be bound by a proceeding in an action against him when that proceeding occurs before he has been served with process or has entered an appearance. * * *"
This same rationale was adopted in Application of Royal Bank of Canada.[11] The *852 United States District Court for the Southern District of New York was concerned with a motion on the part of the Royal Bank of Canada to prevent the government from enforcing its subpoena duces tecum. In that cause the government filed a tax lien against one Isador J. Klein who died in British Columbia, Canada. On August 2, 1960 the government filed a complaint in the District Court of New York naming the executors of Klein's estate as defendants and claiming that the estate of Klein owed the government some $9,862,053.34 plus interest since 1944, and that the named defendants were liable as executors for such sums. On November 27, 1962 a notice of the taking of the deposition of the Royal Bank of Canada was filed together with an affidavit that the notice had been served by mail upon the named defendants and two days later the government served a subpoena duces tecum upon the New York agency of the bank which commanded the bank to bring in all books, records, etc. belonging to decedent's trust. Summons had issued against defendant; however, same was never delivered to the United States Marshal for service and no attempt of record reflected service of process on either of defendants. The bank contended that a subpoena duces tecum may not be issued to require the attendance of a witness for the taking of his deposition on the ground that the discovery and deposition procedures are ancillary and incidental to a civil action pending in a Federal Court, and that such pendency depends upon jurisdiction by the court of the parties. In sustaining the bank's position the court analyzed several Federal cases and reached the following conclusion:
"The court has been unable to find any authority permitting a civil action plaintiff in the Federal court to engage in deposition and discovery procedures prior to bringing a defendant within jurisdiction of the court by service of process. And a sensible and harmonious reading of the Federal Rules of Civil Procedure does not sanction such an exploratory expedition by a plaintiff prior to bringing the defendants within the jurisdiction of the court by service of process. * * *"
It is interesting to note that the court adopted the rationale of Hoffler v. Wheeler in arriving at the foregoing conclusion. We digress here to observe that in the instant case the action had not commenced upon the named appellants at the time that the deposition was taken.
Consequently, from an examination of the authorities reviewed above, we conclude that the trial court erred in admitting Brown's deposition in evidence against appellants during the trial.
The foregoing conclusion brings us to appellee's contention that such admission did not constitute harmful error and has not resulted in a miscarriage of justice. We agree with this contention. During the trial of this cause, the deposition of Brown was clearly admissible as to the defendants interested in the pulpwood truck and it was not error to publish same to the jury as to those defendants. Thus at this stage, the trial judge should have cautioned the jury that the contents of Brown's deposition were not admissible as to those defendants connected with the grocery truck. In addition, the testimony of another witness at the trial contained substantially the same information as that found in Brown's deposition and in his answers to appellants' interrogatories, which were admissible against appellants. Thus, Brown's deposition was to a great extent cumulative of other evidence properly introduced at the trial and cannot be said to have deprived appellants of a fair trial.
Therefore, we hold that under the peculiar factual circumstances of this case the introduction of Brown's deposition into evidence against these appellants was error, but such error did not constitute a miscarriage of justice, and so the judgment of the trial court is affirmed.
*853 STURGIS, Chief Judge, concurs.
WIGGINTON, J., dissents.
WIGGINTON, Judge (concurring in part, dissenting in part).
I agree with the majority opinion that the trial court's admission in evidence of the deposition taken of the defendant Henry Brown, even if erroneous, cannot be held to have been harmful and therefore cause for reversal of the judgment appealed.
I do not agree with the majority opinion that under the circumstances present in this case the trial court erred when he admitted in evidence Henry Brown's deposition over the objection of appellant. I base my position on the reasons hereinafter set forth.
The chronological order of events which transpired in this case is as follows. On September 25, 1961, a complaint was filed by appellee naming only Floyd James Saunders, owner of the pulpwood truck, and Henry Brown, driver of the truck, as defendants. On March 16, 1962, appellee's attorney filed notice of taking the depositions of the parties Floyd James Saunders and Henry Brown, and of the witness Jessie Lee Brown who was the driver of appellants' truck at the time of the collision. Depositions of the foregoing parties and witness were taken on March 23, 1962.
On May 16, 1962, appellee secured an order permitting him to amend his complaint by joining as additional parties defendant the appellants herein who were the owners and driver of one of the trucks involved in the collision. The amended complaint accomplishing this purpose was filed on May 17, 1962, and the appellants herein were served with process in the case.
On June 29, 1962, appellants propounded extensive written interrogatories to Henry Brown. These interrogatories were answered in writing by Brown on July 6, 1962. On or about December 7, 1962, Brown was accidentally killed. On December 26, 1962, appellants filed motions to suppress Brown's deposition previously taken on March 23, 1962, on the ground that at the time it was taken they were not parties to the action; that they had no notice of the taking of the deposition at that time and were afforded no opportunity to cross-examine the deponent Brown; that the deposition was inadmissible as evidence against appellants. The motion to suppress the deposition was denied by pre-trial conference order rendered January 18, 1963.
The case proceeded to trial on February 18, 1963, during which appellee offered in evidence the deposition of Henry Brown, deceased, whose personal representative had been substituted in his place as a defendant in the cause. In denying appellants' renewed objection to the deposition as evidence the court, after stating in the jury's presence that the attorneys for appellants were not present at the time Brown's deposition was taken, addressed the jury in the following manner: "Gentlemen, I will say to you as has been said earlier, Henry Brown is now deceased and therefore not here to speak for himself; otherwise, this deposition wouldn't be read to you. However, it is the statement he made at this hearing under oath and you will consider this testimony in the case along with all the other testimony and give it such weight and credence as you feel it is entitled to receive." The deposition was thereupon published in evidence as were the written interrogatories propounded to Brown by appellants prior to the latter's demise, and the written answers thereto.
The rule of civil procedure pursuant to which Brown's deposition was taken provides that at the trial all or any part of a deposition may be used against any party who was present or represented at the taking of the deposition or who had due *854 notice thereof if at the time of trial the deposed witness is dead.[1]
The general rule in Florida appears to be that "the right to cross-examine the witness must be accorded the party against whom the deposition is to be used. A denial of this right, by lack of notice or in some other way, will render the deposition vulnerable to a motion to suppress."[2]
It is not disputed that since appellants were not parties to the action at the time Brown's deposition was taken, they had no notice thereof and therefore no opportunity at that time to cross-examine Brown on the matters testified to on his direct examination.
There is a dearth of authority on the question here presented. In the Hoffler case[3] decided by the Municipal Court of Appeals for the District of Columbia, a deposition of a witness was taken by the plaintiff after the action was commenced but before the defendant was served with process in the case. Although defendant was given notice of the time and place the deposition would be taken, neither the defendant nor anyone representing him was present. At trial, upon a showing that the witness was then living in a foreign country, her deposition was received in evidence over defendant's objection. The Municipal Court of Appeals, in construing its rule relating to the taking of depositions on oral examination, which is identical in all material respects with the rule in effect in Florida, held that a defendant would not be bound by any depositions taken prior to the time the defendant is made a party and served with process in the case. The judgment appealed was reversed because of the trial court's error in admitting in evidence the deposition of the absent witness over defendant's objection.
In the case sub judice the trial judge was confronted with the following facts at the time appellants objected to the introduction of Brown's deposition in evidence. Defendant Brown was dead and his death was not attributable to any action either by himself or any other party to the cause. Brown's deposition upon oral examination had been taken on March 23, 1962, some two months before the appellants were made parties to the action, which deposition was available for appellants' examination and study after they were brought into the action. After being made parties, appellants made no effort during the next ensuing six months prior to Brown's death to take his deposition on oral examination, although they did take his deposition upon written interrogatories, each of which he answered in writing some five months prior to his death. After having the advantage of considering Brown's answers to their written interrogatories as well as his oral deposition, appellants made no effort to further interrogate or cross-examine Brown upon written interrogatories or oral examination.
A careful examination of the record reveals, and the trial judge was no doubt fully aware of the fact, that the material portions of Brown's deposition relating to the manner in which the three-vehicle collision occurred was merely cumulative of evidence introduced by other witnesses at the trial and of the answers to written interrogatories made by Brown and published in the case.
*855 Appellants' principal contention is that Brown's deposition should have been suppressed because they were not present at the time it was taken and therefore had no opportunity to test his credibility through the means of cross-examination. They contend that as to them Brown's deposition testimony was hearsay and inadmissible as evidence at the trial. I agree with the principle stated in the ancient authorities cited in the majority opinion that as a general rule a deposition should be admitted in evidence only against those parties who were present or who had notice of the taking of the deposition, but this rule is not without exceptions. By refusing to recognize any justifiable exception to the foregoing rule, the procedural philosophy underlying the conclusion reached by the majority is in keeping with the horse and buggy vintage of the authorities on which they rely for support. It is my view, however, that the peculiar circumstances here present render this case an exception to the general rule and place it in harmony with the decisions hereinafter mentioned.
In the Inland Bonding Co. case,[4] the deposition of a material witness was taken by the plaintiff. Due notice of the taking of the deposition was given the defendants and their counsel were present at the time the witness was deposed. Because of the witness' infirm condition it was stipulated by counsel for all parties after the witness' direct examination was completed that the hearing be adjourned to a subsequent time, at which later hearing the defendants would avail themselves of the opportunity of cross-examining the witness. A few days later the witness died before the hearing could be resumed, thereby precluding the defendants from an opportunity to cross-examine him. The defendants thereupon moved the court for an order suppressing the deposition for the reason that they were not afforded an opportunity to cross-examine the witness after his direct examination had been concluded by the plaintiff. The court observed that the delay in completing the witness' deposition before his death was not attributed to either of the parties, and said:
"* * * The rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible. The trial court is given much discretion in this respect. Strictly speaking, testimony such as this might be considered objectionable, but it cannot harm the defendants if it is admitted for what it is worth and the jury instructed accordingly, whereas to deny its admissibility might endanger the plaintiff's position in a case of this nature. The defendants are charged with conspiring to defraud the plaintiff and Mr. Needham is alleged to have been one of the principal actors in the conspiracy. We must recognize the difficulties involved in proving a complaint of this nature. * * *"
In its opinion the court quoted Professor Wigmore as follows:
"But, where the death or illness prevents cross-examination under such circumstances that no responsibility of any sort can be attributed to either the witness or his party, it seems harsh measure to strike out all that has been obtained on the direct examination. Principle requires in strictness nothing less. But the true solution would be to avoid any inflexible rule, and to leave it to the trial judge to admit the direct examination so far as the loss of cross-examination can be shown to him to be not in that instance a material loss. Courts differ in their treatment of this difficult situation; except that, by general concession, a cross-examination begun but unfinished suffices if its purposes have been substantially accomplished."[5]
*856 In the above-quoted opinion the court held that it was discretionary with the trial judge as to whether the direct examination of a witness on oral deposition should be suppressed because of the opposing party's inability to cross-examine him, and in the absence of a showing of real prejudice the deposition should be admitted in evidence under proper instructions from the court that it may be considered by the jury for what it is worth under the circumstances.
In the Rosenthal case[6] the deposition of a witness was taken after due notice by the plaintiff solely for the purpose of discovery. The witness subsequently died, and the question arose as to whether the deposition would be admissible at the trial as primary evidence on behalf of the defendant. In holding that the deposition would be admitted, and was not subject to objection by the plaintiff, the court said:
"I have reviewed the deposition in great detail. I am satisfied that plaintiff counsel made a most thorough examination of the witness. I am further convinced that admitting said deposition into evidence will not prove prejudicial to the plaintiff, recognizing as I must that the rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible. To refuse its admissibility might endanger the defendant's position and deny it an opportunity to present a defense.
"In order to assure plaintiff every conceivable protection, in view of the abrupt death of the witness and lack of opportunity to submit him to cross-examination, it is my judgment that the deposition should be admitted for the consideration of the jury for whatever it is worth, subject to cautionary instructions of the court and such observations as the circumstances may require, Inland Bonding Co. v. Mainland National Bank of Pleasantville, D.C.N.J., 3 F.R.D. 438."
The rulings of the courts in the Inland Bonding Co. case and Rosenthal case cited and quoted above conform to the general statement of principle by the digest writers on this subject in which they say:
"The suppression of depositions is, as appears supra subdivision c of this section, generally a matter within the discretion of the trial court, and the rulings of that tribunal will not be disturbed, unless it is made to appear that this discretion has been abused, or substantial rights have been prejudiced; nor can the suppression of a deposition be reviewed where the right to suppress was reserved in the order allowing the deposition to be taken."[7]
While it is true that appellants were not parties to the cause at the time Brown's oral deposition was taken and therefore had no opportunity at that time to cross-examine him, they nevertheless were subsequently joined as parties and actively participated in the case for a period of some six months before Brown's death. They had full opportunity of examining Brown's deposition in the file and of again deposing him upon oral examination for the purpose of subjecting him to such cross-examination as they may have considered necessary or desirable in order to fully protect their interest in the case. Furthermore, they made an extensive and detailed examination of upon written interrogatories. Through this deposition appellants had the opportunity of fully cross-examining Brown on the testimony he gave upon his oral examination. A study of the interrogatories propounded by appellants reveals that this purpose was adequately accomplished. It is my view that under the circumstances of this case it was discretionary with the trial judge as to whether the deposition of Brown should *857 have been suppressed. It was his judgment that the deposition should be received in evidence after admonishing the jury that Brown was dead and his deposition should therefore be given such weight as the jury may care to give it under the circumstances. Under the particular facts of this case I am of the view that the trial court's ruling did not constitute an abuse of discretion nor was it otherwise erroneous.
NOTES
[1] Identical to Federal Rule 26(a) except that the Federal Rule contains the following additional sentence: "Depositions shall be taken only in accordance with these rules."
[2] Wigmore on Evidence, Vol. V, 3rd Ed. § 1377, p. 59.
[3] Jones on Evidence, Vol. 3, 5th Ed. § 711, pp. 1337, 1338.
[4] Gottfried v. Gottfried, 197 Misc. 562, 95 N.Y.S.2d 561 (1950).
[5] Smith v. Milwaukee Builders' & Traders' Exchange, 91 Wis. 360, 64 N.W. 1041, 30 L.R.A. 504 (1895).
[6] Brown v. Zachary, 102 Iowa 433, 71 N.W. 413 (1897).
[7] Dalsheimer v. Morris, 8 Tex.Civ.App. 268, 28 S.W. 240 (1894).
[8] Knowles v. Stargel, 261 Wis. 106, 52 N.W.2d 387 (1952).
[9] Hendrix v. Hendrix, 250 Ala. 309, 34 So.2d 214, 215 (1948).
[10] Hoffler v. Wheeler, 179 A.2d 909 (D.C. Mun.App. 1962).
[11] Application of Royal Bank of Canada, 33 F.R.D. 296 (S.D.N.Y. 1963).
[1] "(d) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:

* * * * *
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1. That the witness is dead; * * *."
Rule 1.21  1954 Rules of Civil Procedure.
[2] 10 Fla.Jur., Depositions, § 30, p. 206.
[3] Hoffler v. Wheeler (D.C. 1962), 179 A.2d 909.
[4] Inland Bonding Co. v. Mainland Nat. Bank of Pleasantville (D.C.N.J. 1944), 3 F.R.D. 438.
[5] 5 Wigmore on Evidence, 3rd Ed. § 1390, pp. 109-111.
[6] Rosenthal v. Peoples Cab Company (D.C.W.D.Penn. 1960), 26 F.R.D. 116.
[7] 26A C.J.S. Depositions § 85d, p. 430.