SWANN, Judge.
These cases were argued together and we have therefore combined them for the purpose of this opinion.
The facts are that Ben Wilder d/b/a Southland Companies, obtained a final judgment (money judgment) against Plain- *492 view Realty Corporation, a Florida corporation, for over $20,000. A writ of execution issued and was returned “nulla bona”. Wilder then took the deposition of Jack Hanisch, the principal stockholder, president and a director of Plainview, “in aid of execution”. See R.C.P. 1.560, 31 F.S.A. The trial on the merits was over and final judgment rendered when this deposition was taken. During the deposition, Hanisch was asked questions concerning the business and financial activities of Plainview and he identified documents and records which reflected certain monetary payments by Plainview to him, his wife, Barbara, and others not involved in this appeal. Jack Hanisch was represented by counsel at the taking of this deposition “in aid of execution”.
Based upon the facts discovered in the deposition, a motion was filed to implead Jack and Barbara Hanisch and for a rule nisi.
The trial judge issued a rule nisi directing Jack and Barbara Hanisch to show cause within 20 days why a final order should not be entered determining that the monies paid to them by Plainview should be held subject to execution on behalf of Wilder. See Fla.Stat. § 55.56 (1965), F.S.A. Appropriate defensive motions and an answer were filed, and the matter came on for a jury trial on the supplementary proceedings. The appellants, Jack and Barbara Hanisch, have appealed separately from the final judgments entered against them, for monies paid to them by Plainview.
During the trial, the attorney for Jack Hanisch objected to the admission of the aforesaid deposition in reliance upon Brown v. Tanner, Fla.App.1964, 164 So.2d 848; 4 A.L.R.3d 1063. On appeal, his sole challenge to the admission of this deposition is stated as:
* * * * * *
“A deposition taken of a witness who is not a party at the time the deposition is taken cannot be used at trial where the witness becomes a party after the deposition is taken.”
* * * * *
No other ground for excluding the deposition has been urged on appeal. The question on appeal is apparently an effort to bring this case under the rule of Brown v. Tanner, supra. See 20 U.Miami L.Rev. 660 (1966); R.C.P. 1.280(d), 30 F.S.A. The rule set forth in Brown v. Tanner, (supra), does not apply here as the objecting parties involved there were not parties at the time of the deposition, had no notice of the deposition, were not present, and were not afforded the opportunity for cross-examination of the deponent.
In the instant case, the trial judge allowed into evidence the deposition of the deponent, Jack Hanisch, who clearly had notice, was present, and, in addition, was represented by counsel at the taking of the deposition. Consequently, the instant case was properly distinguished from the rule ennunciated in Brown v. Tanner, supra, and no error was committed in this regard. See also R.C.P. 1.280(d).
During the trial, the court admitted into evidence a photocopy of a check from Plainview payable to Barbara Hanisch in the amount of $10,000, together with the minute books of Plainview, its corporate bank statements and a real estate closing statement reflecting the proceeds of the sale by it of a hotel. These exhibits were properly identified during the taking of Jack Hanisch’s deposition in aid of execution and were introduced into evidence at trial during the reading of his deposition. The court, during the trial, instructed the jury that the deposition of Jack Hanisch should be considered only as against him. It then stated “if there should be written matters, checks, and so forth, they will go in and as ordinary probative matters.” At the trial, the attorney for Barbara Hanisch objected to the introduction of a photocopy of certain documents simply on the grounds that this violated the best evidence rule. This objection was overruled.
*493 The sole point submitted by Barbara Han-isch on her appeal is stated as follows:
* * * * * *
“The only evidence received by the court and considered by the jury against the appellant, Barbara Hanisch, consisted of:
(1) A check in the amount of $10,000' payable to the order of one, Barbara Hanisch, bearing the date of December 12, 1964. (Plaintiff’s Exhibit #5)
(2) Corporate Minutes showing Barbara Hanisch as a director of the Plain-view Realty Corp. (Plaintiff’s Exhibit #38)
No live testimony was produced at the trial. The only testimony consisted of the depositions of Jack Hanisch and Arthur Robinson. The Court refused to admit either of these depositions against the appellant, Barbara Hanisch. The admission of the above described documentary evidence in the absence of any testimonial predicate constitutes reversible error.”
‡ * * Jfc * *
The sole question on her appeal, therefore, goes to the “admissibility” into evidence of the copy of the check and the minute books. Since her only objection to the introduction of the documents at trial was based on the grounds that a proper foundation or testimonial predicate for the introduction of these documents had not been laid, the failure to object on this ground was waived. See United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613 (1921); 2 Fla.Jur.App. § 86, 32 Fla.Jur. Trial §§ 52-55.
Under Fla.Stat. § 55.54 (1965), F.S.A., in a supplementary proceeding hearing, any and all testimony may be admissible which may tend directly or indirectly to aid in the satisfaction of any execution, in whole or in part.
For these reasons the judgment herein appealed is
Affirmed.