MANN, Judge.
If the rules of procedure in this state forbid the order appealed from they ought to be amended.
Since their divorce in 1963 these parties have owned in common a building used by the appellant as a medical office. At the pretrial conference in appellee’s suit for partition her attorney announced to the court that the appellee’s appraiser had not yet been given access to the premises for the purpose of preparing to testify, the rental value of the property being in question. Request had been made to appellant’s attorney, but permission had not been granted.' The appeal is interlocutory, and the record and briefs do not disclose the reason for appellee’s needing permission to enter her property, but that is immaterial.
Appellee’s attorney moved orally at pretrial conference for an order compelling appellant to grant appellee the right to have her appraiser inspect the building. Appellant’s counsel objected that under Rule 1.350 a motion is required and Rule 1.100(b), 30 F.S.A. (Same as Federal Rule 7(b)) required such a motion to be in writing unless “made during a hearing or trial.” The pretrial order recites appellant’s unwillingness to agree and that the *903 court, on its own motion, would order access to the property be given to the appraiser at a mutually agreeable time or, in default of agreement, between 5 and 7 p. m. on March 7, 1968.
Appellant cites, as authority for his contention that the order ought to be reversed, Shapiro v. Freeman, 38 F.R.D. 308 (S.D.N.Y.1965); In re J & M Doyle Co., 130 F.2d 340 (3d Cir. 1942); Raughley v. Pennsylvania Railroad Co., 230 F.2d 387 (3d Cir. 1956); Hammond-Knowlton v. Hartford-Connecticut Trust Co., 26 F. Supp. 292 (D.Conn.1939); Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Roberts v. Braynon, 90 So.2d 623 (Fla.1956); Collier v. McKesson, 121 So.2d 673 (Fla.App.1960). Those are all reasonable decisions adhering to the letter of the rules in order to accommodate their spirit. In each case cited some substantial right of a party was protected by the ruling.
We have noted, as appellant requested, footnote 1 of the opinion in Shapiro v. Freeman, in which the court declined an oral request for adjournment with the comment that “[s]uch an informal request, without prior notice to either the court or the defendants, cannot be considered a motion.” In the present case there is no showing that the rights of the appellant have been prejudiced by the order. Indeed, we are more impressed by the opinion in the Shapiro case, in which the judge states:
“The Federal Rules of Civil Procedure were designed as an affirmative aid to substantive justice, and those who choose to read them restrictively do so at their peril. It is time that depositions be conducted by members of the bar in a cooperative manner, in accordance with both the letter and spirit of the rules, without petty bickering and without intervention by busy courts with more important matters pressing for attention. It is clear to us that plaintiffs’ attorney has no conception of his obligation to observe the rules ‘as an officer of the court’ or otherwise. Rather, he appears to be bent on concealing vital facts or, at best, waging a war of delay, expense, Harassment and frustration. There is no justification for his conduct, no basis at all for his instructing the deponents not to answer. As a result, the cooperative atmosphere envisaged by the federal rules has been poisoned by antagonism.”
See also Moore, Federal Practice §§ 1.03, 0.504.
The appellant contends that a motion may not be made orally except at a “trial or hearing” and that no case has been cited to us in which a pretrial conference has been held to be a “hearing” within the meaning of the rule. We hold that it is. The requirements of the Rules are met by the presence of opposing counsel, the absence of surprise to him or injury to his client, the reduction to writing of the motion and the ruling thereon and, above all, the tendency of the motion toward the just and expeditious disposition of the cause. It is immaterial that the order recites the action as taken on the court’s own motion. Substantive justice was preferred over technical nicety, as it should have been.
Affirmed.
HOBSON, J., concurs.
PIERCE, Acting C. J., dissents.