PER CURIAM.
This is an appeal from an order of the trial court dismissing the plaintiff’s and defendant’s causes of action, without prejudice, after the case was called for trial on the plaintiff’s complaint and defendant’s answer and counterclaim. The dismissal was entered pursuant to an oral motion made by the defendant before plaintiff had rested his case, alleging failure of the plaintiff to comply with the court’s pretrial order requiring the parties to furnish a list of the witnesses to each other. The court found that both plaintiff and counter-claimant had failed to comply with such order, and entered the order of dismissal, later amended to be without prejudice.
Appellant contends that the defendant-counter-claimant was not entitled to move ore tenus for a dismissal during the trial as such procedure is contrary to Florida Civil Procedure, Rule 1.420(b), 30 F.S.A., which requires notice of hearing as provided for under Rule 1.090(d). It is our view that such rule is inapplicable in the instant case.
The appellant’s point on appeal is whether a defendant is entitled to move for a dismissal at the time of trial when such motion is heard ore tenus without any notice, and when the plaintiff has not completed the presentation of his evidence. We hold that an order based upon such a motion is proper. In Coggan v. Coggan, Fla.App.1968, 213 So.2d 902, the court held that an order, based on an oral motion at a pretrial conference, was proper. In examining appellant’s intentions, the court noted as follows:
“The appellant contends that a motion may not be made orally except at a ‘trial or hearing’ and that no case has been cited to us in which a pretrial conference has been held to be a ‘hearing’ within the meaning of the rule. We hold that it is. The requirements of the Rules are met by the presence of opposing counsel, the absence of surprise to him or injury to his client, the reduction to writing of the motion and the ruling thereon and, *54 above all, the tendancy of the motion toward the just and expeditious disposition of the cause.” Id. at 903.
We find no error in the procedure followed by the trial court in the instant case, and we hereby hold that its order of dis missal without prejudice should be affirmed.
Affirmed.