DOWNEY, Judge.
Appellee was charged with possession of marijuana in the Municipal Court of Hollywood, Florida. Upon appellee’s motion the case was transferred to the County Court of Broward County. Eventually ap-pellee moved for discharge pursuant to Rule 3.191, RCrP. Upon denial of said motion, appellee on December 19, 1973, filed a petition for writ of prohibition in the Circuit Court of the Seventeenth Judicial Circuit. On December 27, 1973, the circuit court issued its writ prohibiting the appellant judge from proceeding with the case against appellee. In his brief appellant states that “on December 28, 1973, the State Attorney’s Office got in touch with [Circuit] Judge LaMotte and asked for a rehearing as to the Writ of Prohibition .” On January 15, 1974, an order was entered denying “the motion to vacate writ of prohibition.” This interloe-1 utory appeal seeks review of that order.
The appellant’s points on appeal are all directed at either the alleged propriety of the appellant-county judge’s action in denying the motion for discharge or at the validity of the issuance of the writ of prohibition. However, an appeal from an order denying a motion to vacate does not bring up for review the final decree or judgment to which the motion was directed. Odum v. Morningstar, Fla.App.1963, 158 So.2d 776. The sole question which could be presented on this appeal is the propriety of the denial of a Rule 1.540, RCP motion to vacate, i.e., were the grounds stated in the motion sufficient to require an order vacating the writ of prohibition. Unfortunately (and in contravention of Rule 1.100(b) RCP which requires motions to be in writing and to set forth *46 the grounds thereof, unless made during a hearing or trial) no written motion was ever filed so that we can determine on the record the grounds presented to the circuit court to justify vacating the writ of prohibition.
Since the record fails to demonstrate grounds requiring the circuit court to vacate the writ of prohibition, the order appealed from must be affirmed.
We do not believe the appellant’s phone call can be treated as timely motion for new trial or petition for rehearing. Raughley v. Pennsylvania Railroad Co., 230 F.2d 387 (3 Cir. 1956); Coggan v. Coggan, Fla.App.1968, 213 So.2d 902. Rule 1.100(b) RCP requires such motions to be in writing. Rule 1.530(b) RCP requires the motion to be served not later than ten days after verdict or non-jury judgment. Appellant met none of these requirements. Accordingly, the order appealed from is affirmed.
WALDEN and CROSS, JJ., concur.