Isaac J. SMALLWOOD and Doris Small-
wood, Appellants,

v.

RAY'S AUTOMATIC TRANSMISSION SER-
VICE, INC., and Raymond F. Lewis,
Appellees.

No. 8083.

District of Columbia Court of Appeals,
Argued June 12, 1974.

Decided Nov. 13, 1974.

James B. Goding, Washington, D. C., for
appellants.

Walter J. Murphy, Jr., Washington, D.
C., for appellees.

Before GALLAGHER and NEBEKER,
Associate Judges, and QUINN, Associate
Judge, Retired.

NEBEKER, Associate Judge:

This appeal primarily raises the question whether a corporate officer's deposition which contained admissions and which was taken at a time when the corporation was the only defendant in the case was admissible at trial against the corporate officer, subsequently joined as a codefendant. A secondary issue is whether this same deposition of the corporate officer and the answers to an interrogatory served upon the corporation were admissible against the corporation. The final question, which we shall address later, is whether there was adequate evidence proffered at trial to present a prima facie case. We hold that the deposition was admissible against the corporate officer; that the deposition and interrogatory answers were admissible against the corporation; that the evidence proffered at trial was adequate to present a prima facie case; and that the trial court's exclusion of the aforementioned evidence was reversible error requiring a new trial.

The significant facts for purposes of this appeal can be summarized briefly. In June 1971, appellant Isaac J. Smallwood engaged appellee Ray's Automatic Transmission Service, Inc. (hereinafter, Ray's) to repair the faulty transmission of his car. Appellant Smallwood never made full payment thereafter due to his dissatisfaction with Ray's work. In April 1972, pursuant to a chattel mortgage agreement signed by both parties providing for repossession in case of nonpayment, Ray's arranged with two individuals to repossess the car. During the repossession, Isaac Smallwood was struck by his car as one of the repossessors backed it through appellant's locked gate and out of the driveway.

Thereafter, Smallwood and his wife filed this action in tort against Ray's, the corporate appellee only. During discovery,

appellee Raymond F. Lewis (hereinafter, Lewis), as corporation president, answered written interrogatories propounded to the corporation. Upon receipt of the answers, appellants deposed Lewis as a witness. Thereafter, the Smallwoods were allowed to amend their complaint and name Lewis as an additional defendant.

At trial the Smallwoods sought to introduce both the answers to the interrogatories and the deposition of Lewis, who was neither subpoenaed nor present in court. The court excluded the answers to the interrogatories as against both Ray's and Lewis because the Smallwoods failed to ensure that Lewis would be present in court. (Tr. 51–52). The court excluded the deposition because Lewis was not a party at the taking of the deposition. (Tr. 58.) At this point it was conceded that without the excluded evidence the Smallwoods were unable to make a prima facie showing of a master-servant relationship between Ray's and Lewis and the repossessors. Accordingly, the court granted the defense motion for a directed verdict.

Regarding the Smallwoods' first argument, the admissibility of the interrogatory answers and deposition as against the corporate defendant, it is conceded that exclusion of this evidence was erroneous. (Appellees' brief at 2.) Moreover, the Smallwoods contend that the interrogatory answers and deposition were also admissible as against Lewis. We do not reach the issue of the admissibility of the interrogatory answers as against Lewis because our holding on the admissibility of the deposition covers all evidentiary matters, and those answers lose any substantial evidentiary worth.

The briefs of the parties and our own independent research have failed to locate precedent for this unique issue regarding the admissibility of the deposition.[1] More-

---

1. We have located one Florida case in which the depositions of two parties and a witness who was later named a defendant were admitted at trial. On appeal the State Supreme

over, we have found no guidance in the Advisory Committee Notes to the relevant Superior Court Civil Rule or the identical Federal Rule of Civil Procedure. Hence, we must formulate our own construction of the relevant procedural rule.

Superior Court Civil Rule 32(a), regarding the use of depositions, provides in relevant part:

> At the trial . . . any part . . . of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, *may be used against any party who was present or* represented *at the taking of the deposition* or who had reasonable notice thereof, in accordance with . . . the following [provision]: . . .
>
> (2) The deposition of a party . . . may be used by an adverse party for any purpose. [Emphasis supplied.]

Clearly, Lewis as the person against whom the deposition was sought to be used fits within the rule insofar as he was literally a "party who was present . . . at the taking of the deposition". He was a party at trial and, of course, he was present, albeit as a witness, at his own deposition. However, the issue we must decide is whether the deposition is excludable because, additionally, he was not *present as a party* at the taking of the deposition.

The intent and purpose of Rule 32(a) and Rule 30, regarding the requirement of giving notice before the taking of a deposition, is to ensure to all parties the fundamental right of cross-examination at the deposition.[2] A deposition not taken in conformity with these notice requirements is inadmissible later against a party. These rules contemplate a situation in which the deponent and the party against whom the deposition may later be used are different persons.[3] However, in this case the deponent and the party against whom the deposition is sought to be used are the same person and thus there is no issue or right of cross-examination.[4] If we were to construe Rule 32(a) as requiring in situations such as this that the party against whom the deposition is sought to be used must be *present as a party* in order for the deposition to be admissible against him, we would be enlarging impermissibly the Rule 32(a) goal of merely ensuring that parties are represented when another party or witness is deposed. In addition, this construction would lead to the anomalous result that the statements by Lewis would not be admissible if proffered in the form of his deposition but would be admissible under the hearsay exception if the deposition ste-

Court held on other grounds that the admission was harmless error and failed to consider the issue whether the deposition of the witness subsequently named a defendant could be used against him. *See* Brown v. Tanner, 164 So.2d 848 (Fla.App.1964); Annot., 4 A.L.R.3d 1063 (1965).

2. 2A W. Barron and A. Holtzoff, Federal Practice and Procedure § 712 (Wright ed. 1961).

3. Illustrative of the rule's purpose is the somewhat analogous situation in which the deposition of a witness is introduced against a party who was not a party at the time of the taking of the deposition. Courts generally have excluded such depositions because of lack of representation and the right to cross-examine. *See* Hoffler v. Wheeler, D.C.Mun. App., 179 A.2d 909 (1962); Annot., 4 A.L.R. 3d 1075 (1965).

4. Regarding the representation of a deponent by counsel, the provision in Rule 32(d) that certain objections to errors or irregularities in the taking of a deposition can be waived if not made at the time of the deposition is not applicable here. We have examined Lewis' deposition and do not find any basis for objections to the critical questions. Therefore, we do not treat the issue of whether using the deposition of an unrepresented witness subsequently named as a defendant forces that witness to waive objections which he could have made had he been a party and represented at the taking of the deposition.

nographer or other observer at the deposition testified as to what Lewis said during those proceedings.

◼ More importantly, holding the deposition inadmissible because Lewis was not a party at the taking of the deposition would subvert the long-established rule of evidence that prior statements of a party which are inconsistent with his claim in litigation may be substantively admissible against him as an admission. Johns v. Cottom, D.C.App., 284 A.2d 50, 52 (1971); McCormick, Handbook of the Law of Evidence § 262 et seq. (2d ed. E. Cleary, 1972); 4 Wigmore, Evidence § 1048 et seq. (Chadbourn rev. 1972). We regard this unquestioned evidentiary principle as controlling in the face of a technical and tenuous interpretation of the words "party who was present . . . at the taking of the deposition . . . ." The latter is incompatible with both this evidentiary principle and the essential purpose of Rule 32(a). Hence, at trial Lewis was a party who was present at the taking of the deposition within Rule 32(a) even though he was not a party at the time he was deposed. The deposition is useable against him.

◼ Regarding the Smallwoods' second contention, there was adequate evidence proffered to sustain a prima facie case against Ray's and Lewis. Lewis testified in his deposition that as president of Ray's he directed and paid the two individuals in the repossession attempt, which is the basis of this suit. This testimony would support, although it does not compel, a finding of a relationship sufficient to conclude corporate or personal tort liability, or both.

◼ Since the deposition was the backbone of the Smallwoods' case, its exclusion as to either Ray's or Lewis could not be considered harmless error. For the foregoing reasons, the judgment is reversed and the case is remanded for a new trial.

So ordered.

