420 So.2d 932 (1982)
Heinz DINTER, Appellant,
v.
James T. BREWER, Appellee.
No. 81-1891.
District Court of Appeal of Florida, Third District.
October 26, 1982.
*933 Golembe & Fried and Ronald L. Fried, Miami, for appellant.
Haber & Roth and Martin L. Roth, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In 1978, Brewer recovered a money judgment against Computer Management Corporation. A deputy sheriff attempted to execute the judgment upon the assets of Computer and was informed by an employee that no officers were present to identify the corporation's assets. The deputy left. When he returned in a few days, Computer's cupboards were bare.
Brewer then deposed Heinz Dinter, the president of Computer, in aid of execution. During the deposition, Dinter admitted that he and his wife, Martha, were the principal officers, directors and shareholders of Computer; that Computer could not pay the judgment; and that Computer's assets had been transferred to a new corporation, System H.D. Corporation, in which Dinter and his wife were the principal officers, directors and shareholders. In 1979, Brewer sued the Dinters for fraud on a judgment creditor.
The trial was without a jury. Mr. Dinter did not appear at trial despite Brewer's efforts to procure his attendance. Martha Dinter did appear. Heinz Dinter's deposition taken in aid of execution was offered in evidence to show that the Dinters wrongfully drained corporate assets with the intent to defraud Computer's creditors. The trial court admitted the deposition against Heinz, but excluded its use against Martha. At the conclusion of the trial, the court entered a money judgment against the Dinters, but thereafter vacated the judgment against Martha. Heinz Dinter's appeal challenges the ruling of the trial court admitting his deposition and, independently, the sufficiency of the evidence against him. Brewer's cross-appeal asserts that the trial court erred in vacating the judgment against Martha.
Our analysis of Dinter's first point begins with the proposition that Heinz Dinter's deposition, being "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," is hearsay. § 90.801(1)(c), Fla. Stat. (1979). As such, unless it falls within some exception to the rule excluding hearsay, it is not entitled to admission despite its relevancy. § 90.802, Fla. Stat. (1979); State Farm Mutual Automobile Insurance Co. v. Ganz, 119 So.2d 319 (Fla.3d DCA 1960) ("The general rule which bars the admission of evidence falling within the definition of hearsay is so firmly established and so well known that the citation of authority affirming the general principle seems hardly warranted." Id. at 321); see generally McCormick On Evidence 579-84 (E. Cleary ed. 2d ed. 1972) ("It was in the first decade after the restoration that the century or so of criticism of hearsay *934 had its final effect in decisions reflecting its use, first as to oral hearsay and then as to depositions." Id. at 580).
Dinter tells us because his deposition does not come within the exceptions to the rule excluding hearsay found in the rules of civil procedure in that (1) he was not a party in the proceeding in aid of execution against Computer, see Fla.R.Civ.P. 1.330(a)(2); and (2) the action for fraud in which the deposition was offered was independent of, rather than supplementary to, the action for damages in which the deposition was taken, cf. Hanisch v. Wilder, 210 So.2d 491 (Fla.3d DCA 1968), his deposition was ipso facto inadmissible. In our view, Dinter's argument completely misses the mark.
Exceptions to the rule excluding depositions as hearsay are found not only in the rules of civil procedure, but in the rules of evidence. While it is true that when considering the admissibility of a deposition we are conditioned to look to Florida Rule of Civil Procedure 1.330, that rule merely supplies certain exceptions to the rule excluding hearsay, that is, when the deposition is to be used in the action for which it was taken, or in a proceeding supplemental to, or a retrial of, that action.[1] But when the deposition does not come within the exception provided in the civil procedure rule, we must turn to the rules of evidence in our search for an exception. These latter rules "expand the admissibility of depositions taken in the action and in prior actions, but do not limit admissibility as provided for [in the rule of civil procedure]." J. Moore & H. Bendix, 4A Moore's Federal Practice ¶ 32.02 (1976). This "cumulative" relationship between the rules of evidence and the rule of civil procedure which deals with the admissibility of depositions, see 4A Moore's, supra at ¶ 32.08 is explained by Professor Moore in his discussion of the counterpart federal rules:[2]
"Rule 804(b)(1) must be read in conjunction with the rules dealing with the admissibility of depositions in civil and criminal proceedings. Rule 32(a)(3) of the Federal Rules of Civil Procedure governs the admissibility of a deposition in the same proceeding in which it was taken. The definition of unavailability is broader in Rule 32(a)(3) [Fla.R.Civ.P. 1.330] than it is in Rule 804(a) of the Federal Rules of Evidence [§ 90.804(a), Fla. Stat.].... The effect of these provisions is to create exceptions to the hearsay rule independent of Rule 804(b)(1). Hearsay which would not be admissible under 804(b)(1) will still qualify for admission if it satisfies these provisions. This is the effect of Rule 802 of the Federal Rules of Evidence [§ 90.802, Fla. Stat., `Except as provided by statute, hearsay evidence is inadmissible.']. As a practical matter the primary impact of Federal Rule 804(b)(1), with respect to depositions, is only in those cases where the deposition was taken in a proceeding different from the one in which it is being offered as evidence." 11 Moore's, supra at VIII-262.
Thus, the admissibility of Dinter's prior deposition testimony does not, as he contends, depend solely on the rules of civil procedure. It matters not whether Dinter's deposition was taken as a witness or a party, that he had or had not some affiliation with Computer, that the action in which the deposition was introduced was independent of or supplementary to the action in which it was taken, that Dinter was available or unavailable to personally testify, or, indeed, that Dinter's prior statements concerning his complicity in the transfer of Computer's assets to System *935 were in the form of a deposition or, for that matter, even sworn.
"The admissibility of an admission made by the party himself rests not upon any notion that the circumstances in which it was made furnish the trier means of evaluating it fairly, but upon the adversary theory of litigation. A party can hardly object that he had no opportunity to cross-examine himself or that he is unworthy of credence save when speaking under sanction of an oath." Morgan, Basic Problems of Evidence 266 (1962), cited in McCormick On Evidence 628-29 (E. Cleary ed. 2d ed. 1972).
The admissibility of Dinter's deposition statements, then, rests on the singular fact that the statements were made by him.[3] Simply stated, the applicable rule of evidence, Section 90.803, Florida Statutes (1981), provides:
"The provision of s. 90.802 [except as provided by statute, hearsay evidence is inadmissible] to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
... .
"(18) ADMISSIONS.  A statement that is offered against a party and is:
"(a) His own statement in either an individual or a representative capacity." (emphasis added).
Having concluded that Dinter's deposition was properly admitted against him, we have no difficulty whatsoever in summarily rejecting, without further discussion, Dinter's challenge to the sufficiency of the evidence to support the judgment against him.
But even as there is ample evidence to support the judgment against Heinz, there was virtually no competent evidence to support the conclusion that Martha participated in any fraud perpetrated on Brewer,[4] and the trial court correctly *936 vacated the judgment entered against Martha.
Accordingly, we affirm the judgment entered against Heinz Dinter and the judgment exonerating Martha Dinter.
Affirmed.
NOTES
[1] Insofar as the rule of civil procedure, Rule 1.330, allows the use of depositions taken and offered under certain described circumstances "as though the witness were then present and testifying," it eliminates the threshold hearsay objection based on the deponent's absence from the court and is, in this respect, a rule of evidence. See Fed.R.Civ.P. 32, Advisory Committee Note, 1970 to Amend.; § 90.802, Fla. Stat. (1981), Law Revision Council Note  1976 (1981).
[2] Decisions and commentaries under the federal rules are persuasive guidelines to the interpretation of state rules closely patterned thereon. Gross v. Franklin, 387 So.2d 1046, 1048 n. 6 (Fla.3d DCA 1980).
[3] This, of course, presupposes that the statements made by Dinter were relevant to prove some fact in issue in the suit against him. The obvious relevancy of Dinter's statements is not challenged here.
[4] The heart of the case against Martha lay in Heinz Dinter's deposition which the trial court held was inadmissible against her. While that ruling is not challenged here by Brewer, we note its correctness. Heinz's statements neither constituted admissions by Martha on the theory that the statements concerned a matter within the scope of an agency and were made by him as Martha's agent during the agency relationship, see § 90.803(18)(d), Fla. Stat. (1981); nor were they statements of a co-conspirator during the course of and in furtherance of a conspiracy, see § 90.803(18)(e), Fla. Stat. (1981), since, apart from the deposition itself, there was no evidence to establish any agency relationship or conspiracy between Heinz and Martha. Unlike the unavailability requirement under Florida Rule of Civil Procedure 1.330(a)(3), which may possibly be satisfied by the deponent's own statement of unavailability contained in the deposition, see Colonnades, Inc. v. Vance Baldwin, Inc., 318 So.2d 515 (Fla. 4th DCA 1975); but see Haverley v. Clann, 196 So.2d 38 (Fla.2d DCA 1967): Weber v. Berry, 133 So.2d 327 (Fla. 2d DCA 1961); Driscoll v. Morris, 114 So.2d 314 (Fla.3d DCA 1959), the fact of agency or conspiracy must be established by proof independent of the statement sought to be introduced that an agency or conspiracy existed. See Tresvant v. State, 396 So.2d 733 (Fla.3d DCA 1981). Second, although Heinz was shown to be unavailable by reason of his absence from the trial and the inability of the plaintiff to procure his attendance, see § 90.804(1)(e), Fla. Stat. (1981), any argument that Heinz's statement comes within the hearsay exception as a statement against interest, see § 90.804(2)(c), is defeated by the lack of showing that when Heinz spoke at the deposition and admitted, among other things, the transfer of the assets, he was aware of a risk of harm to his own pecuniary or penal interests. See Hunt v. Seaboard Coast Line Railroad Company, 327 So.2d 193 (Fla. 1976). Third, while Heinz's testimony was taken in compliance with the law during a proceeding different from the instant trial, it does not otherwise qualify under the "former testimony" exception to the hearsay rule, see § 90.804(2)(a), since Martha, the party against whom the testimony was being offered at trial, was not present at its taking and had no opportunity or motive to develop Heinz's testimony by direct, cross or redirect examination. Fourth, even as no rule of evidence would permit Heinz's deposition to be admitted against Martha, so too Florida Rule of Civil Procedure 1.330 would not authorize its admission. Martha was not, as the rule requires, a party in the proceeding against Computer or the proceeding in aid of execution at which Heinz testified; was not present or represented there; and, insofar as this record reflects, had no notice of it. See Brown v. Tanner, 164 So.2d 848 (Fla. 1st DCA 1964); Hewitt v. Hutter, 432 F. Supp. 795 (W.D.Va. 1977), aff'd, 568 F.2d 773 (4th Cir.1978).