JORGENSON, Judge,
dissenting.
I respectfully dissent. I would deny the motion to dismiss and allow appellants to proceed with the merits of their appeal.
On January 30,1989, following a five-day trial, the jury in this case returned a verdict finding that the action was time- *381 barred. After the verdict was returned, plaintiffs dictated into the record their motion for a new trial, arguing that the statute of limitations is not a recognized defense in an action against a trustee for breach of fiduciary duty. Counsel for defendants did not object to the form or content of that oral motion. The trial court expressly reserved ruling on the motion and, on January 31, 1989, entered final judgment for defendants. On February 10, 1989, plaintiffs filed and served a written motion for a new trial raising the same grounds they had raised in their oral motion.
Defendants moved to strike the written motion for new trial as untimely. At the hearing on defendants’ motion to strike and plaintiffs’ motion for a new trial, the trial judge noted that he routinely allowed counsel to dictate into the record a motion for a new trial and then “supplement” the oral motion later in writing. The trial court found that the oral motion was a valid motion for a new trial and denied defendants’ motion to strike. The trial court denied plaintiffs’ motion for a new trial; eighteen days later, on June 26,1989, plaintiffs filed their notice of appeal. Appellees moved to dismiss the appeal on the grounds that plaintiffs filed and served their written motion for a new trial more than ten days after the verdict was returned. Because the written motion was untimely, they argue, the trial court was without jurisdiction to hear the motion and the proceeding did not toll the thirty days within which to file a notice of appeal from the judgment entered on January 31, 1989.
Under the Florida Rules of Civil Procedure, “[a] motion for new trial ... shall be served not later than 10 days after the return of the verdict in a jury action....” Fla.R.Civ.P. 1.530(b). The rules also provide that “[a]n application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial. . . .” Fla.R.Civ.P. 1.100(b) (emphasis added). Although no Florida court has decided the issue,[1] the fourth circuit, interpreting the federal counterpart[2] to Florida’s rule on motions for a new trial, has held that an oral motion for a new trial made in open court immediately after the verdict was rendered was timely and tolled the time allowed for appeal. Witt v. Merrill, 208 F.2d 285 (4th Cir.1953); see also Meriwether v. Couglin, 879 F.2d 1037 (2d Cir.1989); Douglas v. Union Carbide Corp., 311 F.2d 182 (4th Cir.1962) (because oral motion for new trial made in open court, filing or service of written motion not required).
Of course, the more prudent practice for an attorney to follow is to file and serve a written motion for a new trial within ten days following the return of a jury verdict; however, on these facts, I believe the oral motion for a new trial was timely and, therefore, tolled, not extended, the time for filing a notice of appeal until the trial court disposed of the motion. The motion was not “a mere statement of counsel,” as the majority states. Counsel explicitly moved on the record for a new trial and clearly *382 articulated his grounds. The trial court expressly reserved ruling on the oral motion. Florida courts have long favored determinations of controversies “upon the merits, rather than upon procedural technicalities.” Gordon v. Vaughan, 193 So.2d 474, 475 (Fla. 3d DCA 1967) (citations omitted).
I would deny the motion to dismiss the appeal as untimely filed and entertain this appeal on the merits.

. But see Pettie v. Kronberg, 300 So.2d 44 (Fla. 4th DCA 1974) (counsel's telephone call to judge ' could not be treated as timely motion for new trial or petition for rehearing).

. “Decisions and commentaries under the federal rules are persuasive guidelines to the interpretation of state rules closely patterned thereon.” Dinter v. Brewer, 420 So.2d 932, 934 n. 2 (Fla. 3d DCA 1982), citing Gross v. Franklin, 387 So.2d 1046, 1048 n. 6 (Fla. 3d DCA 1980).
Federal Rule of Civil Procedure 7(b)(1) provides:
An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall' state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
Federal Rule of Civil Procedure 59(b) provides:
A motion for a new trial shall be served not later than 10 days after the entry of the judgment.
Federal Rule of Appellate Procedure 4(a)(4) provides:
If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.