UNITED STATES of America, Plaintiff,

v.

Jack A. AGNEW, Jr., Defendant.

No. 77–6404–Civ–CA.

United States District Court,
S. D. Florida.

Dec. 15, 1978.

Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., Steven L. Sablowsky, Dept. of Justice, Tax Div., Washington, D. C., for United States.

Joseph J. Titone, Olds & Titone, P.A., Ft. Lauderdale, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

ATKINS, Chief Judge.

This civil action is brought by the United States seeking to recover income taxes allegedly owed by the defendant, Jack A. Agnew, Jr. Despite repeated efforts, the plaintiff has been unable to serve process on the defendant. Plaintiff has moved for leave to take the oral deposition of Jack Agnew, Sr., the defendant's father, for the sole purpose of ascertaining the whereabouts of the defendant. Jack Agnew, Jr. and Jack Agnew, Sr. oppose the taking of this deposition on the ground that this action has not yet commenced for discovery purposes since the Defendant has not been served.

■ Defendant is incorrect in his assertion that this action has not yet commenced. A civil action is commenced upon the filing of the complaint. Rule 3, Fed.R.Civ.P. However, a party seeking to take a deposition prior to the expiration of thirty days after service of the summons and complaint must obtain leave of court. Rule 30(a), Fed.R.Civ.P. The purpose of this requirement is "to protect a 'defendant who has not had an opportunity to retain counsel and inform himself as to the nature of the suit.'" Advisory Committee Note to 1970 Amendment to Rule 30(a). In the instant case, the defendant, although contesting the Court's personal jurisdiction, is represented by counsel and informed of the nature of the suit. Further protection is afforded to the defendant by Rule 32(a), Fed.R.Civ.P., which provides that a deposition may only be used against a party who was present or represented at the taking of the deposition.

■ The defendant relies on the case of the *Application of the Royal Bank of Canada,* 33 F.R.D. 296 (S.D.N.Y.1963). In that case the government served a notice of taking deposition and a subpoena duces tecum on the bank, a non-party, prior to service of process on any defendant. The court granted the bank's motion to quash the subpoena, holding that an action is not commenced until the complaint is filed and the summons delivered to the Marshal for service and that, for the purpose of taking depositions (under the *former rule*), an action is not commenced until service has been made upon the defendant. That case is distinguishable from the present case in several important respects.

In *Royal Bank of Canada, supra,* the summons had never been delivered to the Marshal and no attempt had ever been made to serve the defendants in the two and one-half years which had passed since the filing of the complaint; whereas here, the summons was promptly delivered to the Marshal, but despite numerous attempts he was unable to serve the defendant and the summons was returned unexecuted. Upon motion of the plaintiff, a special process server was appointed. He was also unable to make proper service.

A hearing was held on this matter on September 26, 1978. At that time counsel for defendant represented to the Court that the defendant did in fact reside within the district and supplied the address of 1690 Northeast 25th Avenue, Pompano Beach, Florida. The Marshal attempted, again unsuccessfully, to serve the defendant at that address, and was unable to obtain any information from the occupants of the house concerning the defendant's whereabouts. The special process server was likewise unsuccessful.

██ The case now before the Court presents itself in a different posture than that faced by the court in *Royal Bank of Canada, supra.* Plaintiff here does not seek to depose Jack A. Agnew, Sr. on the merits of the action but only on the question of the defendant's whereabouts. The defendant has not only appeared through counsel to contest the taking of this deposition, but has moved this Court to dismiss the action for lack of jurisdiction over the person. Where necessary to resolve jurisdictional disputes, the taking of testimony is appropriate. *Edwards v. Associated Press,* 512 F.2d 258, 263 n. 8 (5th Cir. 1975). As the court in *Royal Bank of Canada* recognized, depositions touching on jurisdictional facts may be required to enable the court to make an effective determination of such a motion. The plaintiff has alleged that the defendant is concealing his whereabouts, and has attempted to serve process on the defendant pursuant to Florida Statutes § 48.161 and § 48.181, which provide for substituted service on a person who conceals his whereabouts. Thus, the Court has been called upon to determine whether, in fact, the defendant is concealing his whereabouts. The requested deposition may provide the support necessary to sustain the plaintiff's burden of justifying service under those statutes so as to withstand the motion to dismiss. *See Fernandez v. Chamberlain,* 201 So.2d 781 (Fla.App.2d Dist. 1967).

It is, therefore, ORDERED AND ADJUDGED that plaintiff's motion for leave to take the oral deposition of Jack A. Agnew, Sr. is hereby granted. Said deposition shall be promptly taken and shall be limited to questions relevant to the defendant's whereabouts. The Court reserves ruling on defendant's motion to dismiss. The parties shall have ten (10) days following the taking of said deposition in which to present to the Court any supplementary matter which they wish the Court to consider in ruling on the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of December, 1978.