**ROLLS ROYCE INDUSTRIAL POWER (INDIA) and Parsons Power Generation Systems, Ltd., Plaintiffs,**

v.

**M.V. FRATZIS M. STRATILATIS NAVIGATION LTD., Global Container Lines Ltd., Shiptrade, Inc. Athinais Maritime Company SA, and John Doe Corps., 1–10, Defendants.**

No. 95 Civ. 2630 (CSH).

United States District Court,
S.D. New York.

June 14, 1995.

Donald F. Mooney, Mooney & Eagan, New York City, David Thomas Maloof, Maloof & Browne, New York City, for Parsons Power Generation Systems, Ltd.

David Thomas Maloof, Maloof & Browne, New York City, for Rolls Royce Industrial Power (India).

Peter J. Gutowski, Freehill, Hogan & Mahar, New York City, for M.V. Fratzis M. Stratilatis Navigation Ltd, Anthinais Maritime Company SA.

Peter G. Drakos, Cardillo & Corbett, New York City, Global Container Lines, Ltd., Shiptrade, Inc.

### MEMORANDUM AND ORDER

HAIGHT, District Judge:

I deny plaintiffs' motion for an order directing the owner of the M.V. Fratzis M. to submit to expedited discovery so that plaintiffs may determine the present whereabouts and schedule of the vessel.

The desired discovery relates only to plaintiffs' *in rem* claim against the vessel. Its sole purpose is to assist plaintiffs in obtaining *in rem* jurisdiction, either in this Court or elsewhere. Through the medium of the vessel owner, plaintiffs seek to address the ves-

sel in tones reminiscent of the old TV sitcom: "Car 54, where are you?"

As a general matter, a court cannot make orders relating to or in aid of an *in rem* claim unless the *res* is within the court's jurisdiction. Thus District Judge Mansfield (as he then was) concluded that this Court, in which the plaintiffs' maritime collision claims against a shipowner and its vessel were pending, could not order the owner to cause the vessel to return to a Canadian port so that *in rem* jurisdiction could be obtained. *Thyssen Steel Corp. v. Federal Commerce & Navigation Co., Ltd.*, 274 F.Supp. 18 (S.D.N.Y.1967). Judge Mansfield based his decision upon the Court's lack of jurisdiction over the subject matter, by which he meant the vessel; that lack arose out of the fact that the vessel was physically "outside of this Court's jurisdiction." *Id.* at 21. Judge Mansfield assumed for his analysis that the owner was subject to personal jurisdiction in this Court, but it made no difference: "Even if there were jurisdiction over the person of [the shipowner], the motion must be denied on its merits for lack of jurisdiction over the subject matter, which is the S.S. World Mermaid ..." *Id.* at 20.[1]

Similarly, in *Impala Trading Corp. v. Hawthorne Lumber Co.*, 200 F.Supp. 261 (S.D.N.Y.1961), District Judge Feinberg (as he then was) held that this Court lacked jurisdiction to order the sale of a cargo aboard ship in Puerto Cortez, Honduras, in order to conserve assets as security to satisfy plaintiff's asserted maritime lien against the cargo. Judge Feinberg regarded the basic issue as one of jurisdiction, and concluded that he lacked the power to make the order since neither the vessel nor the cargo were in this district.

The case at bar involves a discovery order, which distinguishes it from the cited cases;

but I think that is a distinction without a difference in the special context of a district court's *in rem* jurisdiction, which can only derive from the physical presence of the *res*. The Fratzis M. is not presently a party to this litigation. To be sure, her owner is; but plaintiffs stretch Rule 26(b), Fed.R.Civ.P., beyond its intended meaning when they ask the *in personam* defendant to tell them where the *in rem* defendant is so that *in rem* jurisdiction may be obtained here, there, or somewhere in the maritime world.

I decline to order this discovery because I conclude that I lack subject matter jurisdiction to do so. I reach no other issue.[2]

Motion denied. SO ORDERED.

---

1. The shipowner at bar has indicated through counsel its intention to file a motion contesting personal jurisdiction. I need not await the making and resolution of that motion before deciding the instant motion because, as *Thyssen* indicates, personal jurisdiction in the district over a shipowner does not empower the court to make orders which relate only to *in rem* jurisdiction over the owner's vessel.

2. It is at least conceivable that the shipowner's motion to dismiss the complaint against it for

lack of personal jurisdiction may give rise to issues entitling plaintiffs to discovery on the whereabouts of the vessel. That is the sort of circumstance presented by *United States v. Agnew*, 80 F.R.D. 506 (S.D.Fla.1978), and *Nippon Fire & Marine Insurance Co. v. M.V. Everglobe*, 94 Civ. 6680 (S.D.N.Y., decided January 31, 1995) (motion to dismiss based on *forum non conveniens* ), upon which plaintiffs rely. But that is for another day.